UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DAVID E. MURRAY, )<br>)<br>      *Plaintiff* )<br>)<br>v. )<br>)<br>WAL-MART STORES, INC., et al., )<br>)<br>      *Defendants* ) | No. 2:15-cv-00484-DBH |

### *MEMORANDUM DECISION AND ORDER ON DISCOVERY DISPUTE*

Following a January 6, 2017, telephone hearing on the parties' discovery dispute, the parties have submitted simultaneous letter briefs and responses addressing whether a claim of attorney-client or work product privilege can withstand a request by the plaintiff for substantially verbatim notes taken during his interview, as part of an investigation predating this litigation. Treating the instant discovery dispute as a motion to compel compliance with a request for supplementation of the defendants' responses to the plaintiff's request for production of documents ("RFPs") Number 15, I **_GRANT_** the motion, and find that the privilege does not prevent the disclosure of the interview notes.

### I. Factual Background

David Murray, a former Market Manager for the defendant Wal-Mart[1], alleges that the defendant engaged in acts of discrimination and retaliation against him following his complaints about the behavior of two of his fellow market managers. Specifically, the plaintiff alleges that several of his colleagues made repeated racist and sexist comments and engaged in acts of discrimination, *see* Complaint (ECF No. 1-1) ¶ 1. In response, the plaintiff states that he followed

---

[1] The defendants in this case are both Wal-Mart, Inc. and a subsidiary, Wal-Mart Stores, East, L.P. For the purposes of this decision, the defendants will be referred to collectively as "Wal-Mart."

1

the proper internal corporate procedure in reporting this behavior to Wal-Mart management, *see id.* ¶ 2. The plaintiff alleges that, among other actions, Wal-Mart failed to properly investigate his allegations, removed stores from his supervision, gave him poor performance reviews unsupported by objective metrics and supported the other two market managers in their subsequent claims against the plaintiff, *see id.* ¶¶ 2, 25-38. The plaintiff filed a formal discrimination complaint within Wal-Mart in 2013 and a claim of discrimination and retaliation with the Maine Human Rights Commission and the Equal Employment Opportunity Commission in 2014, *see id.* ¶¶ 26, 39-49. At various times, Wal-Mart legal staff and outside counsel were involved in investigations related to both the plaintiff's claims, and claims against the plaintiff made by the market managers at issue, *see id.* ¶ 30. The plaintiff claims he was "constructively" discharged in 2015 and officially terminated in 2016, *see* First Amended Complaint (ECF No. 36) ¶¶ 52-52A. He seeks back pay and benefits, compensatory and punitive damages, injunctive relief and attorney fees.

In 2014, Alan Heinbaugh, one of the market managers the plaintiff complained of, discussed with Wal-Mart officials what he thought to be improper "markdown" practices at stores overseen by the plaintiff, *see* Deposition of Alan Heinbaugh, 91:1-92:16. Specifically, Heinbaugh alleged that those stores were not following Wal-Mart procedure in marking down or eliminating old and damaged stock, resulting in a manipulation of profit and loss statements, *see id.* In response, Wal-Mart hired outside counsel to conduct an investigation, *see* Report of Hearing and Order Re: Discovery Dispute, at 2 (ECF No. 46). As part of this investigation, Investigator Brandie Patton interviewed the plaintiff, and took notes of his responses, *see id.* at 5. In her deposition, she stated that, in sum and substance, she attempted to take verbatim notes of the plaintiff's responses, and, when writing a subsequent report, relied on the notes of others present to fill in

any information she may have missed about the plaintiff's responses, *see* Deposition of Brandie Patton, 45:1-49:17. The plaintiff now seeks the production of these notes.

## II.     Discussion

The plaintiff argues that he is entitled to the notes of the interview because there exists an exception to the traditional attorney-client privilege under Fed. R. Civ. P. 26(b)(3)(C) when a party to the litigation requests their own previous statements[2].

Rule 26(b)(3)(C) addresses previous statements of the parties found in trial preparation materials. It provides, in pertinent part, that "[a]ny party or other person may, on request and without the required showing, obtain the person's own previous statement about the action or its subject matter."   In addition, Rule 26(b)(3)(C)(ii) defines a previous statement as "a contemporaneous stenographic, mechanical, electrical, or other recording – or a transcription of it - that recites substantially verbatim the person's oral statement."

For their position that the notes are protected by the attorney client-privilege, the defendants cite the seminal 1980 Supreme Court case of *Upjohn Co. v. U.S.*, 449 U.S. 383 (1981), which held that attorney-client privilege extended to communications between counsel and employees at every level of a corporation.  This general holding in *Upjohn*, however, does not displace the clear language of Fed. R. Civ. P. 26(b)(3)(C).  The rule explicitly grants a party access to its own previous statement in the hands of an opponent as a matter of right and without any particularized showing as to why it is entitled to what may otherwise be attorney work product.

---

[2] The plaintiff preemptively argues, in the alternative, that the interview notes at issue are not covered by attorney-client privilege or the work product doctrine, because Wal-Mart has not shown that the notes were created for the purposes of providing legal assistance, nor that the investigation was conducted in anticipation of litigation.  *See, e.g. Texaco Puerto Rico, Inc., v. Department of Consumer Affairs*, 60 F.3d 867 (1st Cir. 1995); *Allied Irish Banks v. Bank of America, N.A.*, 240 F.R.D. 96 (S.D.N.Y. 2007); *Litton Systems, Inc. v. American Telephone and Telegraph Co.*, 1979 U.S. Dist. Lexis 13363 (S.D.N.Y. 1979).  The defendants also raises the issues of attorney–client privilege and work product, which I discuss below.

The Rule was amended in 2007 to clarify that any party, even a party to the action, was entitled to their previous statements.  As the Advisory Committee Notes state: "Former Rule 26(b)(3) expressly made the request procedure available to a nonparty witness, but did not describe the procedure to be used by a party. This apparent gap is closed by adopting the request procedure, which ensures that a party need not invoke Rule 34 to obtain a copy of the party's own statement." Fed. R. Civ. P. 26 Advisory Committee Note to 2007 Amendment.  Even earlier, the Advisory Committee Note to a 1970 amendment to Rule 26(b)(3) stated: "An exception to the requirement of this subdivision [regarding trial preparation materials] enables a party to secure production of his own statement without any special showing," and that such a statement "may of course be that of plaintiff or defendant…"  Fed. R. Civ. P. 26 Advisory Committee Note to 1970 Amendment.

The reason for this rule is simple and based in fairness.  The out-of-court statement of a party-opponent can be admitted at trial for the truth of the matter asserted therein as non-hearsay under F.R.E. 801(d)(2).  At a minimum, the party should be entitled to examine a statement that can be used at trial against her or him.  The opponent possessing the statement should not be in a position to shield it behind the attorney-client or work product privilege simply because the statement was made to a lawyer or in furtherance of an investigation.  That is especially the case in a situation where, as here, the statement is made before ligation and given to a lawyer by a non-represented party.

The fact that outside counsel was retained by Wal-Mart to undertake the markdown investigation involving the plaintiff is of no moment.  The right of the party to see their own statements related to the subject matter of the litigation, whether that statement was made before or after a formal lawsuit had been filed, outweighs a claim of attorney-client privilege.

There is no dispute that Mr. Murray is a party and that his previous statement was taken by an investigator and attorneys from an outside firm in the course of the markdown investigation. Under these facts, the plaintiff is entitled to Investigator Patton's notes about his responses given during the interview. There remains, however, the question of whether Investigator Patton's notes qualify as the proper form of the plaintiff's statement.

As noted, Fed. R. Civ. P. 26(b)(3)(C)(ii) requires that the statement be "a contemporaneous stenographic, mechanical, electrical, or other recording - or a transcription of it - that recites substantially verbatim the person's oral statement."

Investigator Patton conducted the inquiry and took contemporaneous notes of the plaintiff's response. She stated in her deposition that she attempted to take a near verbatim transcription, and that the only reason her notes would be lacking in that regard would be because "sometimes I am not physically quick enough to get everything." Deposition of Brandie Patton, 19:12-17. In that circumstance, she would supplement her final write-up of the interviewee's statement with the notes of others in the room, in the hopes they caught whatever she missed. *Id*. On that record, I find that Investigator Patton's notes of the plaintiff's responses during his markdown interview satisfy the requirement of Fed R. Civ. P. 26(b(3)(C)(ii). *See also Casella v. Hugh O'Kane Elec. Co. Inc.*, 2000 WL 1649513 (S.D.N.Y. 2000) (Notes of defendant's pre-litigation interview of plaintiff requested under 26(b)(3)(C) were substantially verbatim and should thus be turned over).

The defendants argue that when an investigator hired by a company takes notes during the course of a relevant interview, and the company's attorney in turn relies on those notes, the investigator's notes function similar to those of an attorney. That is to say, revealing what is contained in the notes, whether produced by an attorney, or an attorney's agent, may also reveal the attorney's thought processes and legal conclusions. *See Baker v. General Motors Corp.*, 209

F.3d 1051, 1054 (8th Cir. 2000). The defendants then argue that if an investigator's interview notes constitute such work product, then they are as privileged as those generated by attorneys under the same circumstances. *See, e.g. Gerber v. Down East Community Hospital*, 266 F.R.D. 29 (D. Me. 2010); *Peterson v. Wallace Computer Services, Inc.*, 984 F.Supp. 821 (D. Vt. 1997); *O'Connor v. Boeing North American Inc.*, 216 F.R.D. 640 (C.D. Cal. 2003). The interview notes here in question, however, are not the type of work product that would reveal legal thought processes or divulge legal strategies. They are, instead, a near-verbatim transcription of the questions asked and the plaintiff's responses. A transcription (or close approximation) does not raise the same concerns that selected note-taking may, since the latter highlights what the note-taker, be they an investigator or attorney, thinks is relevant and important. As such, as to the verbatim notes here in dispute, no privilege applies.

Finally, the defendants argue that even if no privilege attaches, the interview notes should be deemed work product and the plaintiff should be denied access to them because he has not made the requisite showing that he has a "substantial need" for the information because he can obtain the information from another source. *See Gerber v. Down East Community Hospital*, 266 F.R.D. at 34. This argument presupposes that the verbatim interview notes here are work product, which I have found they are not. Moreover, even assuming *arguendo* that they are work product, the plaintiff is entitled to them under the plain meaning of Fed. R. Civ. P. 26(b)(3)(C), and need make no further showing. It would be unreasonable to hold that a plaintiff's recollection of questions asked and answers given in an interview more than two years ago would allow him to sufficiently inform his attorney as to the critical portions of the interview, or would approximate a substantially verbatim transcription that exists in the defendant's possession. This fact establishes that the

plaintiff cannot obtain the information from another source, even if that other source in this case is himself.

### III. Conclusion

For the foregoing reasons, the Motion is **<u>GRANTED</u>**.

### *<u>NOTICE</u>*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 10th day of March, 2017.

<u>/s/  John H. Rich III</u>
John H. Rich III
United States Magistrate Judge
