United States District Court
District Of Maine

| | |
|---|---|
| David E. Murray, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   Docket No. 2:15-cv-00484-DBH |
| Wal-Mart Stores, Inc. et al. | ) |
| | ) |
|     Defendants. | ) |

### Plaintiff's Response to Defendant's Motion to Extend Time to Produce Documents et al. (ECF No. 59)

<u>First</u>, Plaintiff consents to Defendants' request for an extension until March 29, 2017 to comply with the Court's Order (ECF NO. 57) to produce for *in camera* review any notes taken during the September 5, 2014 interview of Plaintiff.

<u>Second</u>, regarding Defendants' request for an order "that Defendants do not waive any further argument regarding the production of the notes in question after their production for in camera review," Plaintiff agrees that the Court should stay the 14-day deadline for the parties to file objections to its March 13, 2017 Decision and Order (ECF No. 52). On the other hand, Plaintiff is concerned about the vague and potentially overbroad request for the Court to rule that Defendants have not waived "any further argument regarding the production of the notes in question after their production for *in*

*camera review.*" ECF No. 59 at p. 2. For example, the Court should retain its discretion to determine that Defendants are limited to some extent by the written objections they filed in response to Plaintiff's discovery requests or by their prior filings with the Court. *See, e.g., Marx v. Kelly, Hart & Hallman, P.C.*, 929 F.2d 8, 12 (1st Cir. 1991) (upholding District Court's ruling that party waived attorney-client privilege objections to Rule 34 document requests because "the assertion of privilege must be timely and must also be accompanied by sufficient information to allow the court to rule intelligently on the privilege claim").

In short, the Court should not give Defendants retroactive and absolute immunity for its prior responses to Plaintiff's discovery requests relating to Defendants' Markdown Investigation of Plaintiff. Rather, the Court should limit its ruling to staying the deadline for the parties to file objections to the March 13, 2017 Order until the Court completes its review of the *in camera* submission and decides whether to further amend its March 13 Order.

<u>Third</u>, regarding Defendants' request that the Court "confirm whether the March 13, 2017 Decision and Order remains in effect," (ECF No. 59 at p. 2, Plaintiff requests that the Court stay both (1) Defendants' deadline to file objections and (2) Defendants' obligations to comply with the March 13 Order until the Court completes its review of the *in camera* submission and decides whether to further amend its March 13 Order. The legal analysis in

the March 13 Order is completely sound but Plaintiff agrees that the Court should consider amending that Order in light of the disclosure made by Defendants for the first time on March 16, 2017 that Investigator Matt Yoes did not take any notes at the September 5, 2014 interview of Plaintiff but that the lawyers present may have taken notes.

Date:   March 23, 2017                             Respectfully submitted,


                                                   /s/ David G. Webbert
                                                   David G. Webbert, Esq.
                                                   Max I. Brooks, Esq.
                                                   Johnson, Webbert & Young, L.L.P.
                                                   160 Capital Street, P.O. Box 79
                                                   Augusta, Maine 04332-0079
                                                   (207) 623-5110
                                                   dwebbert@johnsonwebbert.com
                                                   mbrooks@johnsonwebbert.com

                                                   *Attorneys for Plaintiff*

## Certificate of Service

  I hereby certify that on March 23, 2017, a copy of the foregoing was served on the following attorney for Defendant at the address listed below:

  Ronald W. Schneider, Jr., Esq.
  rschneider@bernsteinshur.com

  Peter F. Herzog, Esq.
  pherzog@bernsteinshur.com


Date: March 23, 2017          <u>/s/ David G. Webbert</u>