UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

DAVID E. MURRAY,              )
                              )
         Plaintiff            )
                              )
v.                            )     No. 2:15-cv-00484-DBH
                              )
WAL-MART STORES, INC., et al., )
                              )
         Defendants           )

## MEMORANDUM DECISION ON REQUEST TO RECONSIDER DISCOVERY RULING

The plaintiff in this employment action seeks reconsideration, or clarification, of my earlier discovery ruling, *see* Report of Hearing and Order re: Discovery Dispute, January 11, 2017 ("January Order") (ECF No. 46), protecting the defendants from disclosing the details of an investigation by outside counsel into the plaintiff's markdown practices[1] at the time that he was a Market Manager for the defendants. For the reasons that follow, I grant in part the plaintiff's request, as amended, and otherwise deny it.

### I.    Procedural Background

The procedural history of the plaintiff's request is a long one. Its genesis is corporate deposition Topic 21, included in the plaintiff's Rule 30(b)(6) corporate deposition notice of the defendants, which read as follows:

> 21. The investigation of Plaintiff regarding markdown practices, including his interview by investigator Matt Yoes, an Investigator in Wal-Mart's Global Investigations unit, and outside counsel Kelly Foss and Pietra Lettieri, on or about September 5, 2014.

---

[1] "Markdowns," generally, are the process by which store managers account for damaged, unsaleable, or missing goods in their profit and loss records.

1

By way of background, the defendants conducted the investigation at issue with a team that included both a staff investigator and outside counsel from the law firm of Harris Beach, PLLC. The defendants had retained the services of Harris Beach a year earlier, in October 2013, in response to allegations of similar inventory manipulation at stores throughout the Wal-Mart nationwide chain. The investigation into the allegations against the plaintiff were treated as part of the same larger investigation, and Wal-Mart investigator Matt Yoes and Harris Beach outside counsel, Attorneys Kelly Foss and Pietra Lettieri, interviewed the plaintiff on September 5, 2014.

The defendants objected to corporate deposition Topic 21 on the following grounds:

> Objection(s): Defendants object to this topic on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, testimony regarding Defendant[s]' investigation regarding markdown practices … has nothing to do with the facts or issues in this suit. Defendants further object to this topic to the extent it seeks disclosure of information or testimony subject to the attorney-client privilege, work product doctrine, protected by statute or policy as confidential, private and personal records and/or documents, or other privileges and immunities.

At a telephonic discovery hearing on January 6, 2017, I construed the defendants' objections as a motion for a protective order, and I granted that motion in part and denied it in part, providing the following detailed explanation:

> **Corporate Deposition Topic 21** (Wal-Mart's investigation into the plaintiff's "markdown" practices while a Market Manager which was conducted by outside counsel): The defendants' motion is **_GRANTED_** in part, and **_DENIED_** in part. The defense is protected from disclosing details of the investigation by outside counsel into the plaintiff's "markdown" practices while employed at Wal-Mart. Further, the defense is protected from inquiries about the work of Investigator Yoes, because he was acting at the direction of Wal-Mart's retained outside counsel. The protection further extends to any internal documents or conclusions generated as a result of the investigation. I find these areas are protected by attorney-client privilege.
> However, events leading up to the investigation by outside counsel are not protected and are therefore the proper subject of inquiry. This includes information about when, and by whom, the complaint about plaintiff's "markdown" practices was made, the contents of the complaint, and the internal process by which Wal-Mart decided to refer the matter to outside counsel for further investigation. Because outside counsel had not yet been retained at that stage, no attorney-client privilege attaches.

> It is noted that this ruling is premised on an understanding that if Wal-Mart seeks to introduce evidence of alleged malfeasance by the plaintiff uncovered during the "markdown" investigation conducted by outside counsel, the attorney-client privilege protections may no longer apply, and the plaintiff may be entitled to discovery materials related to the investigation by outside counsel.

January Order at 2-3 (emphasis in original).

Following the January Order, the plaintiff pressed for the production of any substantially verbatim notes taken during the plaintiff's interview on September 5, 2014, under the exception to the attorney client privilege and work product doctrine contained in Fed. R. Civ. P. 26(b)(3)(C), which entitles a party to his or her previous statement if contained in a recording or transcript that is a substantially verbatim recitation. Relying on that rule, I granted the plaintiff the relief requested. *See* Amended Memorandum Decision and Order on Discovery Dispute, March 13, 2017 ("Memorandum Decision") (ECF No. 52).[2]

Immediately after the issuance of my Memorandum Decision, the plaintiff sought to compel the defendants' response to his request for production of documents ("RFP") Number 15, commanding the defendants to produce notes created during his September 5, 2014 interview.[3] I instructed the defendants to submit for my *in camera* review "any notes taken during the September 5, 2014, interview of the plaintiff by Wal-Mart investigators and outside counsel, regardless of who took the notes." Report of Hearing and Order Re: Discovery Dispute, March 17, 2017 (ECF No. 57) at 2. The defendants represented that no notes of investigator Yoes existed and submitted the notes of Attorneys Foss and Lettieri. After examination, I determined

---

[2] The Memorandum Decision incorrectly refers to the notes having been taken by Wal-Mart investigator Brandie Patton, rather than investigator Matt Yoes, but nothing about my analysis turns on that error.

[3] The RFP read in its entirety: "**Request No. 15**: All documents, records, electronically stored information/other types of information, tangible things, and all other materials within the scope of Fed. R. Civ. P. 34 that refer to or concern the investigation of Plaintiff regarding markdown practices, including his interview by investigator Matt Yoes/ an Investigator in Wal-Mart's Global Investigations unit/ and outside counsel Kelly Foss and Pietra Lettieri, on or about September 5, 2014."

3

that those notes did not fall within the exception provided by Fed. R. Civ. P. 26(b)(3)(C), and so informed the parties during an April 5, 2017, telephonic hearing.

In the wake of that April 2017 ruling, the plaintiff now requests that I reconsider or clarify my January Order regarding corporate deposition Topic 21, protecting the defendants from disclosing information about the plaintiff's September 2014 interview. Following a written explanation by the defendants of the role of outside counsel in conducting the investigation of the plaintiff's markdown practices, the plaintiff stated that he "no longer contends that the documents or information relating to Walmart's 'markdown' investigation by outside legal counsel … are completely unprotected by the attorney-client privilege or work product qualified immunity[,]" Letter from David G. Webbert to Honorable Magistrate Judge John H. Rich III, dated April 14, 2017 ("April 14 Letter)", but asked for an order clarifying that:

- facts gathered during the investigation – and factual conclusions discernible from those facts – are not protected, … even if [the] only source of information for those facts is communications from Walmart's outside counsel;
- documents that were gathered during outside counsel's markdown investigation but were not created for the purpose of seeking legal advice or in anticipation of litigation – such as any documents **created before** outside counsel's investigation began – are not protected …; and
- if Walmart intends to rely on or use in any manner the fact of outside counsel's investigation … it must turn over all the records related to the investigation.

*Id*. at 2 (bullet points and emphasis in original).

.

## II. Discussion

The second and third of the plaintiff's three requests have already been addressed, and granted, in my January Order. As the defendants correctly note, "[w]ith regard to Plaintiff's second request, this Court has already ruled that events leading up to the investigation are not protected and are the proper subject of inquiry[,]" and "[w]ith regard to Plaintiff's third request, Walmart does not intend to seek to introduce and rely on evidence gleaned from the privileged

4

investigation to support its defenses to Plaintiff's claims." Letter from Ronald W. Schneider, Jr. to Magistrate Judge John H. Rich III, April 20, 2017, at 2.

As for the plaintiff's first request for clarification – that "facts" gathered during the investigation are not protected – I decline to refine my January Order, because doing so on this record would be merely advisory. My January Order addressed only the discovery dispute that was before me: corporate deposition Topic 21. I was not asked to parse what information, if any, related to the investigation might be discoverable or to determine facts and documents that might be unprotected under the Supreme Court's teachings in *Upjohn Co. v. United States*, 449 U.S. 383 (1981), and *Hickman v. Taylor*, 329 U.S. 495 (1947).

The parties each discuss *Protective National Insurance Company of Omaha v. Commonwealth Insurance Company*, 137 F.R.D. 267 (D. Neb. 1989), which considered which facts obtained during an investigation by counsel may be protected by the attorney client privilege in the context of a Rule 30(b)(6) deposition. *Protective*, as well as other cases decided in this Circuit that touch upon the intersection of facts and privilege, especially those facts contained in pre-existing documents later turned over to counsel, are themselves fact-specific cases not easily reduced to bright-line legal pronouncements. *See, e.g. Davine v. Golub Corporation*, 2017 WL 517749, at *4-8 (D. Mass. 2017) (considering whether various records listed in the defendants' privilege log were protected by the attorney client privilege).

Merely using the label "facts" is not helpful, as the proper inquiry is whether information sought is fairly part of the provision of legal advice. Here, the parties did not present me in advance of my January Order with how outside counsel obtained the relevant facts or how they used them, if at all, in their legal analysis. Simply put, I was not, and am not, in a position to declare what facts obtained, developed, or considered by outside counsel during the course of the

5

markdown investigation are or are not protected, or to consider whether the information that might be sought by the plaintiff could be obtained in another manner that, although less convenient, would not require trespass into communications between attorneys and their client. Therefore, I deny the plaintiff's request that I "clarify" my January Order to hold now, in the abstract, that "facts gathered during the investigation – and factual conclusions discernible from those facts – are not protected."

A final point needs attention. The plaintiff also asks me to require the defendants to maintain a privilege log listing any responsive documents that they have withheld under claim of privilege. Fed. R. Civ. P. 26(b)(5)(A) requires such a log to be maintained in such a circumstance, and I simply remind the parties of their ongoing obligations under the Rule.

### III. Conclusion

For the foregoing reasons, I **_GRANT_** the plaintiff's motion to reconsider in part, and otherwise **_DENY_** it.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 9th day of October, 2017.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge