UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

DAVID E. MURRAY, )
 )
      *Plaintiff* )
 )
v. ) No. 2:15-cv-00484-DBH
 )
WAL-MART STORES, INC., and )
WAL-MART STORES EAST, L.P., )
 )
      *Defendants* )

## MEMORANDUM DECISION AND ORDER
## ON MOTION TO AMEND COMPLAINT

In this employment action, the plaintiff, David E. Murray, moves to amend his complaint. *See* Plaintiff's Motion for Leave to File Second Amended Complaint ("Motion") (ECF No. 85). The defendants, Wal-Mart Stores, Inc., and Wal-Mart Stores East, L.P. (together, "Wal-Mart"), oppose the motion on the bases that Murray fails to demonstrate good cause for his delay in moving to amend and that the amendment is, in any event, futile. *See* Defendants' Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint ("Opposition") (ECF No. 95). I conclude that Murray demonstrates good cause for his delay and that his proposed amendment is not futile. Accordingly, I grant the motion and extend the discovery deadline to September 28, 2018.

### I. Applicable Legal Standards

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend should be granted in the absence of reasons "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

1

The First Circuit has explained:

> A motion to amend a complaint will be treated differently depending on its timing and the context in which it is filed. . . . As a case progresses, and the issues are joined, the burden on a plaintiff seeking to amend a complaint becomes more exacting. Scheduling orders, for example, typically establish a cut-off date for amendments (as was apparently the case here). Once a scheduling order is in place, the liberal default rule is replaced by the more demanding "good cause" standard of Fed. R. Civ. P. 16(b). This standard focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent. Where the motion to amend is filed after the opposing party has timely moved for summary judgment, a plaintiff is required to show "substantial and convincing evidence" to justify a belated attempt to amend a complaint.

*Steir v. Girl Scouts of the USA*, 383 F.3d 7, 11-12 (1st Cir. 2004) (citations, internal quotation marks, and footnotes omitted).

Because Murray filed the instant motion to amend long after the parties' original March 25, 2016, deadline for doing so, *see* Scheduling Order (ECF No. 12) at 2, the more demanding "good cause" standard applies.[1]

An amendment is futile when "the complaint, as amended, would fail to state a claim upon which relief could be granted." *Glassman v. Computervision Corp.,* 90 F.3d 617, 623 (1st Cir. 1996). "In assessing futility, the district court must apply the standard which applies to motions to dismiss under [Federal Rule of Civil Procedure] 12(b)(6)." *Adorno v. Crowley Towing & Trans. Co.,* 443 F.3d 122, 126 (1st Cir. 2006).

The Supreme Court has stated:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

---

[1] However, as the defendants acknowledge, *see* Opposition at 3-4 & n.1, following the expiration of the parties' deadline to amend pleadings, their remaining deadlines were enlarged on multiple occasions, and the discovery deadline still has not passed, *see* ECF No. 123. Moreover, without objection, this court granted the plaintiff's first motion to amend his complaint on November 27, 2016, also well past the expiration of the deadline to amend. *See* ECF No. 35.

2

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and internal punctuation omitted). This standard requires the pleading of "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Under Rule 12(b)(6), a court assumes the truth of all of the well-pleaded facts in the complaint and draws all reasonable inferences in favor of the plaintiff. *Román-Oliveras v. P.R. Elec. Power Auth.*, 655 F.3d 43, 45 (1st Cir. 2011). Ordinarily, in weighing a Rule 12(b)(6) motion, "a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." *Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001). "There is, however, a narrow exception for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." *Id.* (citation and internal quotation marks omitted).

## II. Factual Background

Murray's initial complaint alleges that Wal-Mart discriminated against employees belonging to protected classes and retaliated against him for reporting that discrimination. *See* Complaint and Demand for Jury Trial (ECF No. 1-1), attached to Notice of Removal (ECF No. 1), ¶¶ 1-3. The First Amended Complaint added Wal-Mart's termination of Murray as additional evidence of retaliation. *See* First Amended Complaint and Demand for Jury Trial ("FAC") (ECF No. 36) ¶¶ 3A, 52A–X, 60A. The instant proposed Second Amended Complaint makes various clarifications and adds a claim for unpaid wages pursuant to 26 M.R.S.A. § 626. *See*

[PROPOSED] Second Amended Complaint and Demand For Jury Trial ("SAC") (ECF No. 85-1), attached to Motion, ¶¶ 3A, 52A, 52D, 53A-B, 60A-B, 62(g).

### III.  Discussion

#### A.  Untimely Amendment

Wal-Mart is laser-focused on the notion that Murray could and should have included his Section 626 wage claim in his First Amended Complaint, filed on November 28, 2016, to plead facts surrounding his termination. *See* Opposition at 3-5; FAC at 19. Wal-Mart adds that Murray himself acknowledges that he became aware of his claim for unpaid wages by January 2017, *see* Opposition at 4 (citing Motion at 1), when Wal-Mart tendered payment to him, *see id.* at 5-6. However, even setting aside that Wal-Mart's payments to Murray are not of record, Wal-Mart ignores other reasons why Murray's amendment is timely.

Wal-Mart acknowledges that Murray did not make demand for payment until June 2017, but argues that he should have made that demand earlier. *See id.* at 4. Wal-Mart argues that Murray lacks a reason for delaying amendment until "after the parties had conducted a considerable amount of discovery relating to the plaintiff's termination[.]" *Id.* at 3.

I agree that, ideally, Murray should have included his Section 626 claim in his FAC. But, Wal-Mart bears some responsibility for the confusion over when Murray was terminated. While Murray received notice of his termination in October 2016, *see* Plaintiff['s] Response to Defendants' Opposition to Plaintiff's Motion for Leave To File Second Amended Complaint ("Reply") (ECF No. 125) at 2, Wal-Mart did not administratively effectuate his termination until January 2017, *see* Opposition at 6. Moreover, Murray contends that he continued to receive payments from Wal-Mart until late-August 2017. *See* Reply at 6. One month later, in September 2017, he filed for leave to amend his complaint. *See* Motion at 4. Technically, Murray could have

amended the complaint to add his Section 626 claim much earlier, but since Wal-Mart appeared to be making an effort to pay him, I cannot fault him for waiting to amend. Murray, accordingly, demonstrates good cause for the timing of his motion.

Wal-Mart's concern that the parties have already engaged in a considerable amount of discovery, *see* Opposition at 3, is well-taken. Nonetheless, Murray's new Section 626 claim should not require much additional discovery. To accommodate any additional discovery the parties may need, I extend the discovery deadline to September 28, 2018, directing that any additional discovery be served, by mail and electronically, within one week of the date of this order, or by August 31, 2018, and that responses be served in similar fashion within 21 days, or by September 21, 2018.

### B. Futility

Wal-Mart argues that because it paid Murray what he is owed, amendment is futile. *See* Opposition at 6. However, Wal-Mart's payments to Murray are not alleged in the Second Amended Complaint. *See generally* SAC. Although Murray has tangentially acknowledged receiving some payments from Wal-Mart, *see* Reply at 6, that fact does not amount to conclusive proof that he has been paid in full.

In a footnote, Wal-Mart argues that I should consider facts outside of the complaint. *See* Opposition at 7 n.4. Citing First Circuit precedent, Wal-Mart argues that I may do so because the "the factual allegations [in Plaintiff's Second Amended Complaint] are expressly linked to and dependent upon [this] document." *Id*. (brackets in original). I disagree. Murray's allegations are not expressly linked to or dependent upon the facts presented by Wal-Mart. To the contrary, Wal-Mart is arguing that the complaint fails to state a claim if Wal-Mart's facts are true. Nor does Wal-Mart's proffered evidence fall under the "narrow exception" outlined in *Alternative Energy*. *Alt.*

5

*Energy*, 267 F.3d at 33 (citation and internal quotation marks omitted). As a consequence, I may not consider the facts presented by Wal-Mart.

On the record before me, Murray's Section 626 claim is not futile.[2]

### IV. Conclusion

For the foregoing reasons, the Motion is **GRANTED**. Murray is **DIRECTED** to file his Second Amended Complaint, with the bracketed word "PROPOSED" removed from the title, and signed and dated by him, on the ECF docket forthwith. The discovery deadline is **ENLARGED** to September 28, 2018, and the parties are **DIRECTED** that any additional discovery be served, by mail and electronically, within one week of the date of this order, or by August 31, 2018, and that responses be served in similar fashion within 21 days, or by September 21, 2018.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 24th day of August, 2018.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

---

[2] Murray, who is proceeding *pro se*, contends in his reply brief that his former counsel made mistakes in drafting the SAC. *See* Reply at 3-4. Construing this as a request for further amendment of the complaint, it is denied. Murray's former counsel filed the instant motion on Murray's behalf well before he filed, and the court granted, his motion to withdraw as counsel. *See* ECF Nos. 91, 93. Thus, he was authorized to act on Murray's behalf. *See, e.g., Genereux v. Raytheon Co.*, 754 F.3d 51, 59 (1st Cir. 2014) ("[I]n litigation matters, lawyers act for their clients, with the results that the lawyer's actions are customarily binding on the party[.]") (citation and internal quotation marks omitted).