UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| DAVID E. MURRAY, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff | ) |  |
| v. | ) | No. 2:15-cv-00484-DBH |
|  | ) |  |
| WAL-MART STORES, INC., and | ) |  |
| WAL-MART STORES EAST, L.P., | ) |  |
|  | ) |  |
| Defendants | ) |  |

## MEMORANDUM DECISION AND ORDER ON MOTIONS FOR ACCOMMODATION, CONTINUANCE, AND STAY OF PROCEEDINGS

*Pro se* plaintiff David E. Murray moves for an "Accommodation due to Disabilities," a continuance, and a stay of proceedings to allow him more time to find successor counsel. *See* [Motion for Accommodation, Motion[s] for Continuance and Stay of All Deadlines] ("Motions") (ECF No. 124).[1] Defendants Wal-Mart Stores, Inc., and Wal-Mart Stores East, L.P. (together, "Wal-Mart") oppose the motions on the bases that Murray has been given adequate time and has failed to demonstrate the "exceptional circumstances" that I previously stated would be necessary to justify a further extension. *See* Defendants' Opposition to Plaintiff's Motion for Continuance ("Opposition") (ECF No. 126) at 1 (quoting ECF No. 93). Despite Murray's sympathetic plight, I agree, and, accordingly, I deny the motions.[2]

### I. Applicable Legal Standards

"Generally, in evaluating whether to issue a stay, a court will consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party

---

[1] The Clerk's Office has styled Murray's letter-brief as three separate motions. *See* ECF No. 124. All essentially seek the same relief. *See id*.
[2] While I deny the relief requested herein, I have extended the parties' discovery deadline to September 28, 2018, in connection with my grant of Murray's separate motion to amend his complaint, ECF No. 85.

1

without a stay; and, (3) judicial economy." *Good v. Altria Grp., Inc.*, 624 F.Supp.2d 132, 134 (D. Me. 2009). However, "[t]he suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Dellinger v. Mitchell*, 442 F.2d 782, 786 (D.C. Cir. 1971) (citation and internal quotation marks omitted).

## II. Factual Background

Murray filed his initial complaint in state court on August 26, 2015. *See* Complaint and Demand for Jury Trial (ECF No. 1-1), attached to Notice of Removal (ECF No. 1). He was represented by counsel. *See id*. at 13. Wal-Mart removed the action to this court on November 24, 2015. *See* Notice of Removal. In the intervening years, the parties jointly or separately requested and were granted 22 extensions. *See* ECF Nos. 6, 10, 16, 20, 23, 33, 40, 48, 50, 56, 60, 62, 67, 72, 78, 84, 88, 93, 100, 105, 117, 123. Six of those extensions stemmed from Murray's search for successor counsel. *See* ECF Nos. 72, 78, 84, 93, 100, 105.

Murray's original counsel withdrew on May 11, 2017. *See* ECF No. 72. Murray was afforded two extensions, for a total of 60 days, to secure successor counsel. *See* ECF Nos. 72, 78. Murray's successor counsel entered his appearance on July 6, 2017. *See* ECF No. 79. Murray then sought and received a 90-day extension to accommodate his successor counsel. *See* ECF No. 84. On October 17, 2017, the court entered a stay to facilitate settlement discussions, *see* ECF No. 88, and, on November 30, 2017, Murray's successor counsel withdrew, *see* ECF No. 93. At that time, I gave Murray 30 days to retain counsel and warned him that he "should not expect any further extensions to retain new counsel, absent a showing of exceptional circumstances, and will be deemed to be proceeding *pro se* if successor counsel does not appear by January 2[, 2018]." *Id*.

Notwithstanding this admonition, I gave Murray a further extension of time, until February 28, 2018, to find counsel, warning him again that no further extension would be given. *See* ECF No. 100. Murray then requested and was granted a judicial settlement conference, which was scheduled for April 9, 2018. *See* ECF Nos. 101, 102. At Murray's request, I amended ECF No. 100 to provide a further extension until April 10, 2018, the day after the scheduled settlement conference. *See* ECF Nos. 103, 105. Proceedings subsequently were stayed until June 29, 2018, to provide the parties further time to explore the possibility of settlement. *See* ECF No. 117. When that effort proved unsuccessful, I denied Murray's request for a further extension of time to find successor counsel, but extended the parties' discovery deadline to August 31, 2018. *See* ECF No. 123.

Now, more than eight months after his first successor counsel withdrew, Murray is asking for yet more time to engage a second successor counsel.

### III. Discussion

#### A. Potential Prejudice to the Non-Moving Party

Wal-Mart protests that the grant of the motions would "unreasonably delay[] the resolution of what is already protracted litigation[.]" Opposition at 1. Wal-Mart does not elaborate on the prejudice it expects would result from a further stay; however, against the backdrop of the history of this litigation, it need not.

It has been eight years since some of the alleged events occurred. *See* [PROPOSED] Second Amended Complaint and Demand for Jury Trial (ECF No. 85-1), attached to Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 85), ¶ 16. It has been three years since Murray allegedly was "constructively discharged[,]" *id.* ¶ 3, and nearly two years since his employment was officially terminated, *see id.* ¶ 3A. This is a sufficient passage of time to pose

3

an appreciable risk that witnesses' memories have dimmed and evidence might otherwise become stale or even lost.

Moreover, Wal-Mart has repeatedly indicated its intention to file for summary judgment, filing its first such notice more than two years ago, on June 16, 2016, *see* ECF No. 15, and renewed notices on October 3, 2016, *see* ECF No. 27, and July 26, 2017, *see* ECF No. 80. A further stay would postpone, to its detriment, Wal-Mart's right to be heard on this intended dispositive motion.

### B. Hardship and Inequity to the Moving Party

Murray argues, as he has throughout this litigation, that he cannot represent himself based on mental health conditions documented in confidential doctors' letters submitted in support of the current motions as well as prior motions seeking extensions or stays. *See generally* Motions & Attachment (ECF No. 124-1) thereto; Plaintiff['s] Response to Defendants' Opposition to Plaintiff's Motion[s] for Accommodation for Disabilities, Continuance and Stay of All Deadlines ("Reply") (ECF No. 127); *see also, e.g.*, ECF Nos. 74-1, 74-2, 94-1, 94-2.

The disadvantages of proceeding as a *pro se* litigant are undeniable, and I am keenly aware that they are compounded for litigants who, like Murray, suffer from mental health conditions. To that end, I have granted five continuances (totaling more than six months) to permit Murray to find a first and then a second successor counsel, *see* ECF Nos. 72, 78, 93, 100, 105, and, when he secured his first successor counsel, over Wal-Mart's objection I granted his motion for a 90-day extension to accommodate his new counsel's entry into the case, *see* ECF No. 84. In addition, this court has granted 16 other extensions of time for various reasons. *See* ECF Nos. 6, 10, 16, 20, 23, 33, 40, 48, 50, 56, 60, 62, 67, 88, 117, 123. Most importantly, Murray has offered no reason to believe that he will be able to find a second successor counsel if given more time. I encourage

him to continue in that quest, but his request is inherently undercut by its indefinite and speculative nature.

### C. Judicial Economy

Consideration of the final factor, judicial economy, further tilts against the grant of the Motions. As noted above, this case was filed in state court approximately three years ago and removed to this court three months later. *See* ECF Nos. 1, 1-1. This court has made every reasonable attempt to accommodate Murray's efforts to find first one successor counsel and then another, as well as the parties' efforts to effectuate settlement. This court remains sympathetic to Murray's plight, but in fairness to the parties to this action, as well as to other litigants who seek access to this court, it is time to move on.

### IV. Conclusion

For the foregoing reasons, the Motions are **DENIED**.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 24th day of August, 2018.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge