UNITED STATES FEDERAL COURT
DISTRICT OF MAINE

| | |
|---|---|
| DAVID E. MURRAY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WAL-MART STORES, INC. and )<br>WAL-MART STORES EAST, L.P. )<br>)<br>Defendants. ) | Case No. 2:15-CV-00484-DBH |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S CONSENT MOTION TO CORRECT THE DOCKET AND THE AMENDED COMPLAINT**

Defendants, Wal-Mart Stores, Inc. and Wal-Mart Stores East, L.P., ("Wal-Mart") by and through undersigned counsel, hereby responds to Plaintiff David Murray's ("Murray") Consent[1] Motion to Correct the Docket and the Amended Complaint for the following reasons: (1) Murray failed to file a proposed amended complaint to allow this Court or Wal-Mart to assess Murray's proposed claims under the proper legal standards; (2) Murray's identifiable claims is time barred as Murray failed to exhaust his administrative remedies and does not qualify under the law; (3) Murray's seeming request for relief under Rules of Civil Procedure 60(b)(3) is not supported by clear and convincing evidence, is untimely and is not directed at actions that support relief under Rule 60(b)(3); and (4) Murray's amended complaint is untimely.

## I.   PROCEDURAL BACKGROUND

Murray initiated his lawsuit through counsel in August 2015.  The matter was removed to this Court on November 24, 2015. (ECF No. 1.)  On November 11, 2016, Murray, through counsel, sought to amend his Complaint after Murray was terminated by Wal-Mart. (ECF No.

---

[1] It is unclear why Plaintiff titled his motion a "consent" motion.  Wal-Mart has not consented to his motion.

34-1.) The motion was granted. On September 29, 2017, Murray, through counsel, filed a motion to amend his First Amended Complaint by adding a wage payment claim under Maine law, 26 M.R.S.A. § 626.[2] (ECF No. 85.) Attorney Jouret appropriately filed a proposed Second Amended Complaint, unsigned by him until this Court ruled on the motion. (ECF No. 85-1, Exhibit 1.)

After multiple stays of this action, this Court granted Murray's motion to amend his First Amended Complaint based on this Court's analysis of the proposed Second Amended Complaint. (ECF No. 128.) In this Court's decision, Murray was instructed to file the proposed Second Amended Complaint. (ECF No. 128 at 6.) Murray has not filed the Second Amended Complaint. Rather, on August 30, 2018, Murray filed his motion seeking to "be allowed to add additional factual allegations and claims communicated to counsel and omitted from the complaints and the amended to be included in the Second Amended Complaint" and "that ECF No. 85 and ECF No. 85-1 be modified to reflect all of the attachments, as documented by Plaintiff in ECF No. 125 including Exhibits 1-7 and Exhibits [sic]" (ECF No. 132, at 1.) Murray did not file a proposed amended complaint with his motion.[3]

## II. LEGAL STANDARD

Leave to amend is liberally granted "when justice so requires," Fed. R. Civ. P. 15, "in the absence of reasons 'such as undue delay, bad faith or dilatory motive on the party of movant . . . undue prejudice to the opposing party . . . futility of amendment, etc.," *Madigan v. Webber Hosp. Assoc.*, 2:11-CV-00094-JAW, 2012 WL 664754, at *1 (D. Me. Feb. 15, 2012), *quoting Foman v.*

---

[2] Murray seems to suggest that his second lawyer, Stefan Jouret, intentionally alleged a violation of *27* M.R.S.A § 626 instead of *26* M.R.S.A. § 626. As there is no Section 626 in Title 27 of the Maine Revised Statutes, his error must have been typographical as there would be no reason for Attorney Jouret to purposefully seek relief under a law that does not exist.

[3] Exhibit C to Murray's motion is not a proposed motion. Rather, it represents Murray's notes of a September 21, 2017 meeting with his second lawyer, Stefan Jouret. (ECF No. 132, at 2.)

*Davis*, 371 U.S. 178, 182 (1962).[4] "Where a complaint as amended could not survive a motion to dismiss, then the motion to amend is to be denied as futile." *Marcello v. Maine*, 468 F. Supp.2d 221, 223-24 (D. Me. 2007), quoting *Aroostook Band of Micmacs v. Ryan,* 403 F. Supp.2d 114, 131 n. 22 (D. Me. 2005). "In the abstract, futility is fully sufficient to justify the denial of a motion to amend." *Hatch v. Dep't for Children,* 274 F.3d 12, 19 (1st Cir. 2001); *see also Correa-Martinez v. Arrillaga-Belendez,* 903 F.2d 49, 59 (1st Cir. 1990) ("Where an amendment would be futile or would serve no legitimate purpose, the district court should not needlessly prolong matters.").

> The First Circuit has defined futility to mean that the complaint, as amended, would fail to state a claim upon which relief could be granted. Thus, there is no practical difference between a grant of a Rule 12(b)(6) motion to dismiss and a denial of a motion to amend based on futility. *Id.* Accordingly, the accuracy of the 'futility' label is gauged by reference to the liberal criteria of Federal Rule of Civil Procedure 12(b)(6).

*Curran v. Camden National Corp.*, 477 F. Supp.2d 247, 26566 (D. Me. 2007).

Further, without a proposed amended motion with clear proposed amendments, a court is unable to properly evaluate a request for an amendment and may deny the motion based on the failure of a plaintiff to file a proposed amended complaint or otherwise be clear about the nature of the amendments sought. *See Schmitt v. Carter*, 2006 WL 2338244, at *1 (D. Mass Aug. 11, 2006). *See also Clayton v. White Hall School District*, 778 F.2d 457, 460 (8th Cir. 1985) ("to preserve the right to amend the complaint, a party must submit the proposed amendment along with its motion").

---

[4] Under Fed. R. Civ. P. 15(a)(1), a party may amend its pleading once as a matter of course within 21 days of either (i) service of the pleading, or (ii) service of a responsive pleading, or (iii) service of a Motion under Rule 12(b), (e), or (f). Rule 15(a)(2) further provides that "[i]n all other cases, a party may amend its pleading ***only*** with the opposing party's consent or the court's leave." (emphasis added).

A motion under Rule 60(b)(3) "must be made … no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). "In order to obtain relief under Rule 60(b)(3), [a party must] present the district court with 'clear and convincing evidence' that the claimed fraud or misconduct occurred. *Tiller v. Baghdady*, 294 F.3d 277, 281 (1st Cir. 2002) (quoting *Anderson v. Cryovac, Inc.,* 862 F.2d 910, 926 (1st Cir. 1988)).  The party must then show that the misconduct or fraud 'substantially interfered with [his] ability fully and fairly to prepare for, and proceed at, trial.'" *Id.*

**III.   ARGUMENT**

A.   <u>Murray Failed To File A Proposed Amended Complaint That Would Allow Proper Evaluation Of Any Amendment</u>

First and foremost, Murray's Motion to Correct the Amended Complaint appears to add entirely new factual allegations and legal theories from what was proposed and briefed in conjunction with Murray's Motion for Leave to File Second Amended Complaint. Murray, however, fails to provide a proposed amended complaint or any clear explanation of what, precisely, his new claims are. Without an actual proposed amended complaint, it is practically impossible to sort through Murray's various writings to evaluate his request to correct his complaint, which in actuality seeks to add entirely new allegations and claims. *See Schmitt v. Carter*, 2006 WL 2338244, at *1 (D. Mass Aug. 11, 2006) (without a proposed amended complaint "the court cannot therefore evaluate the amendment."). *See also Clayton v. White Hall School District*, 778 F.2d 457, 460 (8th Cir. 1985) ("to preserve the right to amend the complaint, a party must submit the proposed amendment along with its motion").

In effect, Murray's Motion to Correct the Docket and Complaint comes as yet another Motion to Amend his already twice-amended Complaint, without any clear indication of what will be amended. This Court cannot determine whether any proposed new amendment would be

4

futile and, therefore, not allowed. Even with respect to Murray's clear desire to make claims under the Sarbanes-Oxley Act ("SOX") and the Dodd Frank Act, it is difficult to decipher what his claims would be. Therefore, this Court should deny Murray's Motion To Correct the Docket and Complaint.

B. <u>Murray's Identifiable Claims Under Section 806 of the Sarbanes-Oxley Act And Dodd Frank Are Time Barred Or Otherwise Unavailable Rendering Any Amendment Of His Complaint Futile</u>

One thing that is clear is that Murray seeks to allege a violation of the Sarbanes-Oxley Act ("SOX") and the Dodd Frank Act. In his communication to his first former lawyer, attached to his motion as Exhibit B, and in his notes of his meeting with his second former lawyer, attached to his motion as Exhibit C, Murray seems to claim that his termination, the markdown investigation and "Patton's lying on her summary report sent to Corporate Governance and SEC violate the Sarbanes Oxley Act Section 806 and Frank Dodd Act [sic]." (Exhibit B at 3, ¶ 4; Exhibit C at 2, ¶ 3.) With respect to SOX, Murray failed to exhaust his administrative remedies --- or at least has failed to allege that he has done so --- and, therefore, cannot proceed with a claim. With respect to the Dodd Frank Act, Murray is not eligible for relief because he is not a whistleblower under the law given that he did not report any alleged misconduct to the Securities Exchange Commission ("SEC") prior to his termination or investigation. Therefore, any amendment of his complaint to allege violation of SOX or the Dodd Frank Act would be futile.

In order to be allowed to proceed with a SOX claim, Murray was required to first file a complaint with the Department of Labor through OSHA "[w]ithin 180 days after an alleged violation of the Act occurs or after the date on which the employee became aware of the alleged violation of the Act." 29 C.F.R. § 1980.103(d). *See Newman v. Lehman Brothers Holdings, Inc.*, -- F.3d --, 2018 WL 3973444, at *3 (1st Cir. Aug. 20, 2018). Murray complains about multiple

termination dates in either October 2016 or January 2017.  (*See* Exhibit C to Murray's Motion at 1).  He complains about a markdown investigation in 2014, (Exhibit C, at 2-3), and "Patton's lying" on a 2014 report as a result of his 2013 internal complaint, (Exhibit B at 3).  Murray would have had to file a complaint with OSHA by at least June 2017 with respect to his termination for him to be able to proceed with a claim.  He has not done so, and at the very least, has not alleged that he has done so.

Murray's failure to file a complaint with OSHA within 180 days after his alleged retaliatory termination operates as a bar to his claim, "'akin to a statute of limitation.'" *Newman v. Lehman Brothers Holdings, Inc.*, -- F.3d --, 2018 WL 3973444, at *3 (quoting *Bonilla v. Muebles J.J. Álvarez, Inc.,* 194 F.3d 275, 278 (1st Cir. 1999)).  Because a SOX claim would be subject to a successful motion to dismiss, *id.* at *5, an amendment to Murray's complaint to allege a SOX claim would be futile.  Therefore, any motion to amend his complaint to allege a SOX violation should be denied.

In order to be a whistleblower under the Dodd Frank Act, 15 U.S.C. § 78u–6, Murray was required to first complain to the SEC before the occurrence of one allegedly adverse action that he claims is retaliatory, i.e., his termination, the 2014 markdown investigation or the 2013-14 investigation of his 2013 complaint.  *See Digital Realty Trust, Inc. v. Somers*, 138 S.Ct 767, 778 (2018) (citing 15 U.S.C. § 78u–6(h)).  He did not, and has not alleged that he did, first complain to the SEC before he experienced what he claims are retaliatory actions.  Because he did not, he cannot "qualify as a 'whistleblower' at the time of the alleged retaliation [and] is therefore ineligible to seek relief under § 78u–6(h)" *Id*.  Again, because Murray's claims under the Dodd Frank Act would be subject to a successful motion to dismiss, any amendment of his

6

complaint to allege such a claim would be futile. Therefore, his motion to amend his complaint should be denied.

C.      Murray's Request For Rule 60(b)(3) Relief Is Untimely And Not Supported By Clear And Convincing Evidence

The purpose Rule 60(b)(3) is to seek relief from some a court order or proceeding that was the product of fraud or misconduct, demonstrated by "clear and convincing evidence." *Tiller v. Baghdady*, 294 F.3d 277, 281 (1st Cir. 2002). A motion under Rule 60(b)(3) "must be made … no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Murray has failed to articulate clearly what Rule 60(b)(3) relief he seeks, and has certainly not demonstrated that he is entitled to Rule 60(b)(3) relief.

Murray is not clear about exactly what relief he seeks under Rule 60(b)(3). A review of Murray's submissions, however, reveals that rather than seek relief from any court order or proceeding, Murray seeks relief based on his allegation that he is not satisfied with the manner in which his two previous lawyers prosecuted his case.

From a reading of Exhibit B and C attached to the motion to amend, Murray complained first to his first former lawyers in a May 7, 2017 email and then to his second former lawyer in a September 21, 2017 meeting about how they handled his case.[5] He complained of "the narrowing of [his] case by eliminating Corporate Liability." (Exhibit C to the motion to amend at 2, ¶ 4.) He is upset that his first former lawyers did not introduce "the *Markdown Investigation*." (*Id.* at 2, ¶ 5.) He wanted his first former lawyers to correct "all specific errors in his" complaint. (*Id.* at 3, ¶ 6.) He complained that his lawyers made strategic decisions without his involvement. (*Id.* at 3, ¶ 7.) He sought to have his lawyers engage in additional discovery long after the

---

[5] According to Murray, Exhibit C represents notes of his meeting with his second, former lawyer and seems to repeat much of what he wrote to his first, former lawyers in May 2017.

discovery deadline, which was extended to complete discovery already initiated. (*Id.* at 4, ¶¶ 8-9, 12.)  In short, Murray now seeks to have a redo.

Rule 60(b)(3) does not exist to permit a party to relitigate its case, to obtain a redo.  *Cf. Tiller v. Baghdady*, 294 F.3d at 281 (Rule 60(b) requires action at the time of the misconduct and cannot be used as substitute for an appeal).  Rule 60(b)(3) also does not exist as an avenue for a litigant to seek relief from his lawyer's decisions. Simply put, Murray has failed to offer clear and convincing evidence that he is the victim of fraud or misconduct and that he is entitled to relief from a court order or proceeding.  Therefore, his motion should be denied.

D.      Murray's Motion To Further Amend His Complaint Is Untimely

Finally, Murray falls far short of establishing good cause for the addition of new claim(s) at this late juncture in the case. Other than mere disagreement with his lawyers' prosecution of his case, there is no apparent reason why Murray failed to include his newly proposed claims in his twice-amended Complaint. "Appreciable delay alone, in the absence of good reason for it, is enough to justify denying a motion for leave to amend." *Calderon–Serra v. Wilmington Trust Co.*, 715 F.3d 14, 20 (1st Cir. 2013).

After multiple stays of this action, this Court granted Murray's motion to amend his First Amended Complaint based on this Court's analysis of the proposed Second Amended Complaint, which makes some clarifications and adds a claim for unpaid wages pursuant to 26 M.R.S.A. § 626. (ECF No. 128.)  Now, Murray seeks to correct the proposed Second Amended Complaint by adding a variety of new allegations. While it is not clear what, specifically, Murray seeks to add to his complaint, it is evident from Exhibits B and C of ECF No. 132 that Murray had full and fair notice of his claim(s) well-before his motion to amend his First Amended Complaint, yet failed to include them in his proposed Second Amended Complaint. Murray's

8

effort to justify the delay in asserting new claims by citing dissatisfaction with his previous lawyers' prosecution of his case is entirely unpersuasive.

Rather than streamline his claims in his already twice-amended Complaint, Plaintiff now asks this Court to correct the proposed second amended complaint, almost three years after filing his initial Complaint, a year after his motion to amend his First Amended Complaint and almost two years after his termination from Wal-Mart. Plaintiff's proposed amendments (to the extent that they can be gleaned from ECF No. 132 and Exhibits) inject entirely new twists to the case and open the door to significant new discovery in a case that has already suffered prolonged extensions. Accordingly, this Court should deny Plaintiff's untimely request because Plaintiff fails to demonstrate good cause to allow it and because allowance would further delay the resolution of this protracted litigation.

DATED this 14th day of September, 2018.

/s/ Ronald W. Schneider, Jr.
Ronald W. Schneider, Jr.
Amber R. Attalla
BERNSTEIN SHUR
100 Middle Street, P.O. Box 9729
Portland, Maine 04104-5029
(207)774-1200 (t)
(207) 774-1127 (f)
rschneider@bernsteinshur.com
aattalla@bernsteinshur.com

Attorneys for Defendants Wal-Mart Stores, Inc. and Wal-Mart Stores East, L.P.

## CERTIFICATE OF SERVICE

I hereby certify that on the date stated above, I served a copy of the foregoing document via U.S. First Class Mail and e-mail to the following:

David E. Murray
16 Trail Road
Casco, ME 04015
demurr11@gmail.com

Dated: September 14, 2018        */s/ Ronald W. Schneider, Jr.*
                                 Ronald W. Schneider, Jr.
                                 BERNSTEIN SHUR
                                 100 Middle Street, P.O. Box 9729
                                 Portland, Maine 04104-5029
                                 (207)774-1200 (t)
                                 (207) 774-1127 (f)
                                 rschneider@bernsteinshur.com

                                 Attorney for Defendants