UNITED STATES FEDERAL COURT
DISTRICT OF MAINE

| | |
|---|---|
| David E. Murray, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket No. 2:15-cv-00484-DBH |
| | ) |
| Wal-Mart Stores, Inc. et al. | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFFS' MOTION FOR AN IMMEDIATE CONTINUANCE AND STAY OF ALL DEADLINES DUE TO INTENTIONAL CONCEALMENT OF CONFLICT OF INTEREST

The Plaintiff, David E. Murray ("Murray") hereby submits to the Court, the Plaintiffs' Motion for an Immediate Continuance and Stay of all Deadlines Due to Intentional Concealment of Conflict of Interest in the matter involving the Defendants' (Wal-Mart Stores Inc, Wal-Mart Stores East L.P., Walmart Inc., "Wal-Mart") Firm, per Maine and Fed. R. Civ. P. 7(b).

### STATEMENT OF FACTS

First, the Newly Found Evidence of Intentional Concealment of Conflict of Interest, between Bernstein Shur, Sawyer & Nelson P.A., this evidence was not disclosed by the Defendants' counsel at Bernstein Shur, Sawyer & Nelson P.A. or by the Plaintiffs previous counsel David G. Webbert. Mr. Webbert was a paid as an Expert Witness by Bernstein Shur, Sawyer & Nelson P.A., as seen on the Comprehensive

1

Witness List, under Defendants' List of Additional Witnesses (See Exhibit A, Exhibit B, attested copies, (found on September 13, 2018 and Exhibit C receipt from court with date and time), being paid $25,000.00 (See Exhibit D) by Bernstein Shur, Sawyer & Nelson P.A. (Northern Mattress Company, Inc. and Peter Redman v. Bernstein Shur Sawyer & Nelson P.A., Nelson A. Toner and John L. Carpenter, Docket No. BCD-CV-09-07).

Second, the Newly Found Evidence, that the Plaintiff's previous counsel, David G. Webbert did not provide the Plaintiff (under Rule 1.7 Conflict-of-Interest, Rules of Professional Conduct, Board of Overseers, State of Maine [18]) the opportunity for, "[i]nformed consent, which requires that each affected client be aware of the relevant circumstances and of the material and reasonably foreseeable ways that the conflict could have adverse effects on the interests of that client". Loyalty and independent judgment are essential elements in the lawyer's relationship to a client before and during the relationship including under Rule 1.18(c)(d)(1)(2)(i)(ii) Duties to Prospective Client, "[I]f a lawyer is disqualified from representation under this paragraph, no lawyer in a firm with which that lawyer is associated may knowingly undertake or continue representation in such a matter."

Third, previous counsel, David G. Webbert and Bernstein Shur, Sawyer & Nelson P.A. have acted with malice, intent and knowledge in the concealment damaging the Plaintiffs' case including material misrepresentations that have and continue to damage the Plaintiffs' case to date.

## LEGAL STANDARD

First and foremost, it is critical both to the Plaintiffs' Case and his Motion for Immediate Continuance and Stay of all Deadlines, that the court recognize the seriousness of the actions of both the Plaintiffs' previous counsel and the Defendants' Counsel and Firm, Bernstein Shur Sawyer & Nelson P.A. and the impact this has and could have had on the Plaintiffs current and any future legal proceedings against the Defendant, Wal-Mart Stores, Inc., because of the intentional concealment of the conflict of interest between David G. Webbert and Bernstein Shur, Sawyer & Nelson P.A., under Maine and the Federal Rules of Civil Procedure 60(b)(2) "[n]ewly discovered evidence by Plaintiff as of September 13, 2018 (included in exhibits A & B above), under Fed. R. Civ. P. 60 (b)(3) "[f]raud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party" and Fed. R. Civ. P. 60 (b)(4).

Under the Rules of Professional Conduct for those individuals who act as officers of the court, Rule 1.7 Conflict-of-Interest, Rule 1.18(c)(d)(1)(2)(i)(ii) and,

> Restatement of the Law Governing Lawyers (ALI, 2000)
>
> § 122. Client Consent to a Conflict of Interest:
>
> (1) A lawyer may represent a client notwithstanding a conflict of interest prohibited by §121 if each affected client or former client gives informed consent to the lawyer's representation. Informed consent requires that the client or former client have reasonably adequate information about the material risks of such representation to that client or former client.
> (2) Notwithstanding the informed consent of each affected client or former client, a lawyer may not represent a client if:

> (a) the representation is prohibited by law;
> (b) one client will assert a claim against the other in the same litigation; or
> (c) in the circumstances, it is not reasonably likely that the lawyer will be able to provide adequate representation to one or more of the clients.

See also, Milbank, Tweed, Hadley & McCloy v. Boon, 13 F. 3d 537 (2d Cir. 1994), Effective deterrence of breaches of fiduciary duty requires "a prophylactic rule intended to remove all incentive to breach – not simply to compensate for damages in the event of a breach ", the court said. When a law firm has allegedly breached a fiduciary duty, therefore the plaintiff, "does not have to show strict 'but for' causation of proximate cause."

The Plaintiff requests of the court for the immediate removal of Bernstein Shur, Sawyer & Nelson P.A., including all current and past attorneys of their firm, from of the Defendants' representation in the Plaintiffs', current case or any future action(s) against Walmart, to prevent possible injustice and irreparable harm to the Plaintiff.

The Plaintiff requests immediate relief, due to new evidence found of the intentional concealment of Conflict of Interest and the damage it has and will continue to cause to the Plaintiffs' case, also as a direct and proximate result of Wal-Mart's continued retaliation and discrimination against Murray, he has suffered and will continue to suffer damages, including, but not limited to adverse mental health conditions such as PTSD, insomnia, anxiety, and depression, humiliation and embarrassment, emotional pain and distress, suffering, inconvenience, mental anguish, loss of enjoyment of his job and of his life injury to reputation, and other pecuniary and

4

non-pecuniary losses. Murray requests relief against Wal-Mart to make him whole as follows:

   (a) Award the Plaintiff full back pay and benefits, future lost wages and benefits.

   (b) Award Plaintiff full costs and all attorney's fees and expenses to date.

   (c) Reinstatement of all Restricted Stock Units-Options (RSUs) to Plaintiff owed.

   (d) Award Plaintiff both Punitive and Compensatory damages against Wal-Mart.

   (e) Award Plaintiff all earned and unpaid salary, paid vacation benefits and SERP compensation; and such further relief as is deemed appropriate.

The above shows, 'clear and convincing evidence' of documented concealment of the Conflict of Interest, by the Plaintiffs' previous Counsel and the Defendants' current Firm, Bernstein Shur, Sawyer & Nelson P.A. and the Plaintiff requests that the Court immediately grant the Plaintiffs' Motion for an Immediate Continuance and Stay of all Deadlines Due to Intentional Concealment of Conflict of Interest, as noted within.

Dated: September 17, 2018              /s/ David E. Murray

David E. Murray, Plaintiff, Pro Se
16 Trail Road
Casco, Maine 04015
(207)-627-3209
demurr11@gmail.com

Certificate of Service

The undersigned certifies that on the date indicated below the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system; that the same will be sent electronically to the following:

Ronald W. Schneider, Jr. rschneider@bersteinshur.com

Peter F. Herzog pherzog@bernsteinshur.com

Amber R. Attalla aattalla@bernsteinshur.com

Dated: September 17, 2018             /s/ David E. Murray

David E. Murray, Plaintiff, Pro Se
16 Trail Road
Casco, Maine 04015
(207)-627-3209
demurr11@gmail.com