UNITED STATES FEDERAL COURT
DISTRICT OF MAINE

| | |
|---|---|
| DAVID E. MURRAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket No. 2:15-cv-00484-DBH |
| | ) |
| WAL-MART STORES, INC., et al. | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO CORRECT THE DOCKET AND THE AMENDED COMPLAINT**

The Plaintiff, David E. Murray ("Murray") hereby responds to Defendants' (Wal-Mart Stores Inc, Wal-Mart Stores East L.P., Walmart Inc., "Wal-Mart") Opposition to Plaintiffs' Motion to Correct the Docket and the Amended Complaint (the "Complaint").

**INTRODUCTION**

The Maine Rules of Civil Procedure and Federal Rules of Civil Procedure Rule 11(a) clearly state that all documents including Pleadings and Motions require the signature of the attorney and if a pleading or a motion is not signed, it shall not be accepted for filing, Mr. Jouret is an Attorney Admitted to both the State(s) of Maine and Massachusetts, that is expected to follow the Rules of Civil of Procedure at all times including the Rules of Professional Conduct at all times. See Plaintiffs' Motion ECF No. 132, to correct the docket and the amended complaint.

First, the Plaintiff has worked to address previous counsels (Stefan Jouret's) proposed amended complaint, unsigned complaint, with intentional material misrepresentations, including the word "typographical error" when in fact the misrepresentations were clearly intentional and documented with him by the Plaintiff.

1

Second, the Plaintiffs' claims for intentional material misrepresentation(s) should not be ignored or denied because the Fraud Claims relate back to the original complaint in this action or the First Amended Complaint (and are also included within all current Discovery), which both were timely filed with the original Complaint being removed by the Defendant to Federal Court on November 24, 2015 and the First Amended Complaint being filed on November 11, 2016.

Third, the Plaintiffs' intentional concealment of conflict of interest is a factor with all documents submitted to date, should be reviewed and incorporated due to the impact to the Plaintiffs' case and the need to conform to all evidence in the case that includes the underlying intentional concealment of conflict of interest and intentional material misrepresentations claims are timely due to the time of discovering (on September 13, 2018 by the Plaintiff), see ECF No. 141 and all exhibits. Failure to disclose conflict of interest by Bernstein Shur, Sawyer & Nelson P.A. and David G. Webbert without informed consent by the Plaintiff.

Fourth, the Plaintiffs' should be allowed correct the docket and complaint to conform to the evidence. The claim should not be dismissed because Complaint alleges that they were timely brought within the statute of limitations, under the Maine and Fed. R. Civ. P. 15(c). Leave shall be given when Justice so requires.

**STATEMENT OF FACTS**

A. With the submission of ECF 141 entered on September 17, 2018, the Plaintiffs' Motion for an Immediate Continuance and Stay of All Deadlines Due to Intentional Concealment of Conflict of Interest, the Plaintiff needs to amend his complaint to conform to the evidence.

B. Under Maine and Fed. R. Civ. P. 15(c), Relation-Back, newly found evidence of intentional concealment of Conflict of Interest, between Bernstein Shur, Sawyer & Nelson P.A. and the Plaintiffs previous counsel David Webbert that was never disclosed to the Plaintiff, Mr. Webbert

did not provide the Plaintiff (under 1.7 Conflict-of-Interest, Board of Overseers, State of Maine[18]) the opportunity for informed consent, which requires that each affected client be aware of the relevant circumstances and of the material and reasonably foreseeable ways that the conflict could have adverse effects on the interests of that client. (3) The Motion to Correct the Docket and Amend the Complaint is not untimely as noted by the Defendant, the Plaintiff continued to detrimentally rely on previous counsel and the Defendants' intentional fraudulent omissions, and many of those acts were discovered at later dates and are specifically covered under the statute of limitations. Mr. Schneider's statement about the Plaintiff not being classified as a Whistleblower to the necessary Federal Agencies (SEC[1], EEOC and DOL-OSHA) is also a misrepresentation, see ECF No. 69, 69-1 and 69-2 which includes the Plaintiffs' Maine Human Rights Commission (MHRC) Charge of Discrimination Complaint and MHRC First Amended Complaint, that includes the Whistleblower Retaliation box being marked, in which that retaliation continues to date and also falls under the False Claims Act (FCA) 31 U.S.C. § 3730(h).

C.      The Defendants' argument is moot under both Maine and Fed. R. Civ. P. Rule 60(b)(3) and 15(c), Relation-Back, previous counsel, David G. Webbert and Bernstein Shur, Sawyer & Nelson P.A. have acted with malice, intent and knowledge in the concealment damaging the Plaintiffs' case including material misrepresentations that have and continue to damage the Plaintiffs' case to date. The Defendant attempts to misrepresent the Plaintiffs' concerns because of both he and BSSN's involvement with his prior counsel, and his knowledge of the Plaintiffs' dealings and coining the intentional concealment of the Conflict of Interest and other intentional misrepresentations as a, "[m]ere disagreement with his lawyers' prosecution of his case, there is

---

[1] Mr. Schneider (and Bernstein Shur, Sawyer & Nelson P.A.) references "Patton" and the report sent to Corporate Governance and the SEC and further misrepresents the information with including Patton with the Markdown Investigation within his Opposition (ECF No. 138) as well as previous documents to the court as did previous counsel, David G. Webbert and Stefan Jouret. Mr. Schneider's' (Bernstein Shur, Sawyer & Nelson P.A.) continued writing of material misrepresentations about the Plaintiff, has and will further damage the Plaintiff and his reputation and Mr. Schneider's ((Bernstein Shur, Sawyer & Nelson P.A.) acts are libel, especially under the definition of defamation.

no apparent reason why Murray failed to include his newly proposed claims in his twice-amended complaint."

D. The Plaintiff notified the Equal Employment Opportunity Commission (EEOC), Agency Charge No. 523-2018-01419, documenting the ongoing retaliation of Wal-Mart including the retaliation provision of the False Claims Act (FCA) 31 U.S.C. § 3730(h) which states:

"Any employee, contractor, or agent shall be entitled to all relief necessary to make that employee, contractor, or agent whole if that employee, contractor, or agent is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment because of lawful acts done by the employee, contractor, or agent or associated others in furtherance of an action under this section or other efforts to stop 1 or more violations of this subchapter." Per § 3730(h) Murray (1) was engaged in "protected activity" (2) Wal-Mart knew of these acts; and (3) Wal-Mart took adverse action against him as a result of these acts, "any employee" who is retaliated against because of his or her lawful act as a whistleblower is entitled to maintain an action for retaliation. (under Maine and Fed. R. Civ. P. 15(c), Relation-Back (to October 4, 2016) and Wal-Mart continues retaliating to date holding all final payment (see Exhibits A[2] & B[3]) monies owed to the Plaintiff, unless he signs a Settlement Agreement, and the Defendant submitted a W-2 for monies that they continue to withhold.

E. The Plaintiff has also previously notified the Department of Labor, OSHA (their Boston, MA and Washington, D.C. Offices) File No. Walmart, Inc./Murray/1-0160-18-034, on multiple occasions, documenting the above referenced matter.

---

[2] Exhibit A includes copies of checks received from Wal-Mart since January 2017 to date, envelopes that go with each check with date stamps and location mailed from on front of envelope and dated on back for date received.

[3] Exhibit B includes a copy of Personal Checking Account Statement (redacted) where Wal-Mart made a deposit and then went in, on January 26, 2017, without the Plaintiff's authorization, and withdrew the funds they had previously deposited.

**LEGAL STANDARD**

The Maine Rules of Civil Procedure and Federal Rules of Civil Procedure 15 (c), Relation Back of Amendments, see Kimmel *v.* Gallaudet University, 722 F. Supp. 2d 79 (D.D.C. 2010), "Federal Rule of Civil Procedure 15(c) governs amendments to a complaint that are made after the time for filing the complaint has expired." *Henderson v. Williams,* Civil Action No. 05-1966(RWR), 2007 WL 778937, at *2 (D.D.C. Mar. 12, 2007). In pertinent part, Rule 15(c) states "that `[a]n amendment to a pleading relates back to the date of the original pleading when ... the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out or attempted to be set out in the original pleading.'" *Palmer v. Homecomings Fin. LLC,* 677 F. Supp. 2d 233, 237 (D.D.C.2010) (alteration in original) (quoting Fed. R. Civ. P. 15(c)(1)). "Typically, amendments that build on previously alleged facts relate back." *Jones v. Greenspan,* 445 F. Supp. 2d 53, 56 (D.D.C.2006) (citing *United States v. Hicks,* 283 F.3d 380, 388 (D.C.Cir.2002)). But, not only must an amendment share some elements and facts in common with the original claim, the original complaint must also "`adequately notif[y] the defendants of the basis for liability the plaintiffs [will] later advance in the amended complaint.'" *Jones v. Bernanke,* 557 F.3d 670, 674-75 (D.C.Cir.2009) (quoting *Meijer, Inc. v. Biovail Corp.,* 533 F.3d 857, 866 (D.C.Cir.2008)). Ultimately, "[s]o long as the original and amended [complaints] state claims that are tied to a common core of operative facts, relation back will be in order." *Mayle v. Felix,* 545 U.S. 644, 664, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005), See also, Buran v. Coupal, 661 NE 2d 978 - NY: Court of Appeals (1995), The Maine Rules of Civil Procedure and Federal Rules of Civil Procedure Rule 60 (b)(3) states Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for the following reasons: (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.

See United States of America v. Earl Stout. 723 F. Supp. 297, U. S. D. C., E.D. PA (1989), The Sixth Amendment guarantee of effective assistance of counsel includes two correlative rights, the right to adequate representation by an attorney of reasonable competence and the right to the attorney's undivided loyalty free from conflict of interest, See also, Government of the Virgin Islands v. Jo-ann Zepp 748 F.2d 125, U. S. Court of Appeals, Third Circuit, (1984). See e.g. Federal National Mortgage Association v. Nicolle M. Bradbury et al. 32 A.3d 1014 (2011) 2011 ME 120, Supreme Judicial Court of Maine, ("the obligation of good faith is made real by the signature requirements of M.R. Civ. P. 11, which is the primary sentry guarding against the corruption of the summary judgment process, and the other requirements of the civil rules."), *see also* HSBC Mortgage Services, Inc. v. Dana S. Murphy et al. 19 A.3d 821 ¶ 15[8] (2011) 2011 ME 59, Supreme Judicial Court of Maine, ("However, M.R. Civ. P. 11 requires that every pleading and motion of a party represented by an attorney be signed by the attorney, and that The signature of an attorney or party constitutes a representation by the signer that the signer has read the pleading or motion; that to the best of the signer's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a pleading or motion is not signed, it shall not be accepted for filing"). False Claims Act (FCA) 31 U.S.C. § 3730(h), and the Maine Whistleblowers Protection Act.

The Plaintiff requests that the Court Grant the Plaintiff's Motion to Correct and submit his own 2nd Amended Complaint as noted within, to conform to the 'clear and convincing evidence'.

Dated: September 18, 2018                    /s/ David E. Murray
                                             David E. Murray, Plaintiff, Pro Se
                                             16 Trail Road
                                             Casco, Maine 04015
                                             (207)-627-3209
                                             demurr11@gmail.com

Certificate of Service

The undersigned certifies that on the date indicated below the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system; that the same will be sent electronically to the following:

Ronald W. Schneider, Jr. rschneider@bersteinshur.com
Peter F. Herzog pherzog@bernsteinshur.com
Amber R. Attalla aattalla@bernsteinshur.com

Dated: September 18, 2018  */s/ David E. Murray*
David E. Murray, Plaintiff, Pro Se
16 Trail Road
Casco, Maine 04015
(207)-627-3209
demurr11@gmail.com