UNITED STATES FEDERAL COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| David E. Murray, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Docket No. 2:15-cv-00484-DBH |
| | ) | |
| Wal-Mart Stores, Inc. et al. | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PROECTION ORDER AND PLAINTIFF'S OBJECTIONS FROM DEFENDANTS' NOTICE OF DEPOSITION OF PLAINTIFF AND OBJECTION TO MOTION FOR LEAVE TO TAKE MURRAY'S DEPOSITION**

Based on the new evidence submitted to the court in ECF No. 141, The Plaintiffs' Motion for an Immediate Continuance and Stay of all Deadlines Due to Intentional Concealment of Conflict of Interest between the Defendants' Attorney's and firm, Bernstein Shur, Sawyer and Nelson P.A. (BSSN), and the Plaintiff's previous counsel, David G. Webbert, that was identified on September 13, 2018.

The Plaintiff has requested that Bernstein Shur, Sawyer and Nelson P.A. and their Attorneys immediately refrain from representing the Defendant, Wal-Mart, due to the seriousness of the Intentional Concealment of the Conflict of Interest brings to the Plaintiffs' case and the damage that it has done and will continue to do in the future.

1

Mr. Schneider is correct that the Plaintiff was deposed by himself and others at Bernstein Shur, Sawyer and Nelson P.A. but again he fails to get his facts correct, the Plaintiff was actually deposed on June 10, 2016 not on June 23, 2016 as Mr. Schneider noted in his opposition to the Plaintiffs' Protection Order and Plaintiffs' Objection from Defendants' Notice of Deposition of Plaintiff and Motion for Leave to Take Murray's Deposition (ECF No. 139). Mr. Schneider also states that, "[W]al-Mart produced 28,598 pages of documents in response to Murray's discovery request, yet he fails to state that more than half of the documents produced by his client, Wal-Mart were not even requested, for example landscaping and snowplowing contracts for the stores across the country, as well as multiple duplications of the Plaintiffs' personnel file yet the Defendant has never supplied the Plaintiff a complete copy of his requested personnel file that he began requesting in December of 2013.

Mr. Schneider states in ECF No.139 that "[w]hen Wal-Mart noticed his deposition, Wal-Mart intended to question him with respect to his new allegations regarding the payment of wages", yet when the Plaintiff communicated directly to Mr. Schneider on September 4, 2018 after receiving his deposition notice in the mail, in reference to clarifying the scope of his new deposition request, with only a response of, "[I] do not know what you mean when you ask me to clarify. The notice is a notice to take your deposition with respect to your complaint."

Mr. Schneider continues to ignore the fact that the Defendant, his client Wal-Mart continues to fail to answered specific 30(b)(6) questions, especially after three designated

individuals were assigned to answer these specific questions, that have been documented in depositions and also in recent RPD request(s) and follow-up.

The Plaintiff also submitted specific documents included with the Plaintiffs Response to Defendants' Opposition to Plaintiffs' Motion to Correct Docket and Amend the Complaint, The Plaintiff also supplied a redacted copy of his personal checking account statement Exhibit A includes copies of checks received from Wal-Mart since January 2017 to date, envelopes that go with each check with date stamps and location mailed from on front of envelope and dated on back for date received. Exhibit B includes a copy of Personal Checking Account Statement (redacted) where Wal-Mart made a deposit and then went in, on January 26, 2017, without the Plaintiff's authorization, and withdrew the funds they had previously deposited.

Fed. R. Civ. P. 30 "If a party shows that when the party was served with notice under this subdivision (b)(2) the party was unable through the exercise of diligence to obtain counsel to represent the party at the taking of the deposition, the deposition may not be used against the party." The Plaintiff submitted his Plaintiffs' Motion for Protection Order and Plaintiffs' Objections from Defendants' Notice of Deposition of Plaintiff (ECF No.133), on September 4, 2018 prior to learning about the intentional concealment of the conflict of interest.

WHEREFORE, the Plaintiff respectfully requests:

A. This Court Grant the Plaintiffs' Motion for Protection Order and Plaintiff Objection from Defendants' Notice of Deposition of Plaintiff;

B. The Defendant stop its course of action to prevent possible injustice and irreparable harm to the Plaintiff. The Plaintiffs' health conditions, including his PTSD, have been well documented with the Defendant and the Court, and the Defendants' continued retaliation and harassment needs to immediately stop due to the exasperating of the Plaintiffs' conditions.

C. Deny leave to Wal-Mart to take Plaintiffs' deposition with respect to the proposed Second Amended Complaint, checks, documents and information were supplied.

D. Deny Bernstein Shur, Sawyer and Nelson P.A. in further involvement in the Murray v. Wal-Mart, 2:15-cv-00484-DBH due to the intentional concealment of the Conflict of Interest as noted in ECF. No. 141 and above. BSSN and previous counsel, David G. Webbert have damaged the Plaintiffs' case and that damage will continue inti the future based on current information identified to date.

E. Grant such other relief as this Court deems just and equitable, especially due to the new evidence as documented in ECF No. 141.

Dated: September 18, 2018        /s/ David E. Murray

David E. Murray, Plaintiff, Pro Se
16 Trail Road
Casco, Maine 04015
(207)-627-3209
demurr11@gmail.com

Certificate of Service

The undersigned certifies that on the date indicated below the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system; that the same will be sent electronically to the following:

Ronald W. Schneider, Jr. rschneider@bersteinshur.com
Peter F. Herzog pherzog@bernsteinshur.com
Amber R. Attalla aattalla@bernsteinshur.com

Dated: September 18, 2018    */s/ David E. Murray*
                                            David E. Murray, Plaintiff, Pro Se
                                            16 Trail Road
                                            Casco, Maine 04015
                                            (207)-627-3209
                                            demurr11@gmail.com