UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| DAVID E. MURRAY, | ) | |
|---|---|---|
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil No. 2:15-cv-484-DBH |
| | ) | |
| WAL-MART STORES, INC., et al., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON PENDING MOTIONS**

The plaintiff's objection (ECF No. 150) to the Magistrate Judge's decision on his motion for a protective order and his objections to the defendants' notice of deposition is **OVERRULED**. The Magistrate Judge's ruling appears on the docket as a text entry. (ECF No. 154.) It limits the deposition to two hours and its subject matter to the new wage claim in the Second Amended Complaint. That is a reasonable resolution, and the Magistrate Judge's ruling is neither clearly erroneous nor contrary to law. It is the plaintiff who voluntarily added the new wage claim to his Second Amended Complaint (ECF No. 85-1 at 18-19), and the defendants are entitled to examine him on it. To the extent that the plaintiff's motion for continuance and motion to stay all deadlines are directed to that ruling, they are **DENIED**.

Apart from that discovery issue, I also deal with the Plaintiff's Objection (ECF No. 135) to the Magistrate Judge's Memorandum Decision and Order on Motions for Accommodation, Continuance, and Stay of Proceedings (ECF No.

129). It is unfortunate that, according to his physician (ECF No. 150-1), the plaintiff has suffered increased anxiety, insomnia and mood symptoms resulting from his lawsuit against his former employer, and that he is proceeding without a lawyer after two previous lawyers have withdrawn. But this lawsuit has drawn on now for over three years and involves events that allegedly occurred beginning in 2010. (ECF No. 85-1 at 4.) The Magistrate Judge has been very accommodating in allowing numerous extensions of deadlines and granting the plaintiff time to search for successor attorneys, all detailed in his Memorandum Decision and Order on Motions for Accommodation, Continuance, and Stay of Proceedings (ECF No.129 at 4). But the defendants also have rights in a lawsuit and are entitled at some point to a resolution of the claims against them, favorably or unfavorably. In support of his continuing request for delay and continuance, the plaintiff provides a short letter from his physician. The letter suggests no likelihood that the plaintiff's condition is likely to improve in the foreseeable future. It concludes simply that "it is medically necessary for Mr. Murray to be granted time to let his symptoms improve, so he can be in the best emotional and cognitive position to represent himself without counsel." (ECF No. 150-1.) I have looked at previous medical materials the plaintiff provided and see no projections in them that the plaintiff is on a road to recovery that will enable his self-representation. I likewise see no evidence that the plaintiff has a plan for engaging counsel following his lack of success so far.

Like the Magistrate Judge I am "sympathetic to Murray's plight," (ECF No. 129 at 5), but the Magistrate Judge's decision that the time for further delay has come to an end, (ECF No. 129), is neither clearly erroneous nor contrary to law.

To the extent that the plaintiff's objections are separate motions for a temporary injunction, for a continuance, and to stay all proceedings, they are **DENIED** for the same reasons.

I note that the plaintiff's motion (ECF No. 141) for continuance and stay, based upon an alleged concealment of conflict of interest on the part of defense counsel, is not yet ready for ruling.

**SO ORDERED.**

**DATED THIS 24TH DAY OF SEPTEMBER, 2018**

/s/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**