UNITED STATES FEDERAL COURT
DISTRICT OF MAINE

| | |
|---|---|
| DAVID E. MURRAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:15-CV-00484-DBH |
| | ) |
| WAL-MART STORES, INC. and | ) |
| WAL-MART STORES EAST, L.P. | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

Defendants Wal-Mart Stores, Inc. and Wal-Mart Stores East, L.P. ("Wal-Mart"), by and through its attorneys Bernstein Shur, hereby move pursuant to Federal Rule of Civil Procedure 26(c) to further limit the scope of Request No. 28 of the Plaintiff's Third Request for Production of Documents, and in support thereof states as follows:

1. Request No. 28 seeks:

   All documents, records, electronically stored information, oilier types of information, tangible things, and all other materials within the scope of Fed. R. Civ. P. 34 that refer to or concern any current-reinstated or past Wal-Mart Associate that was not paid within the requirements of 26 M.R.S. 626, or other similar laws within the New England Division, including any violations from 2006 to date (Management and Hourly).

2. Wal-Mart objected to the Request and proposed limiting the scope to market level associates and above for two years. The Plaintiff was a Market Manager, which is a market level associate.

3. On September 24, 2018, the Court held a Discovery Conference to deal with all of the Plaintiff's 54 Requests and, with respect to Request No. 28, limited the scope to Assistant Store Managers and above for a period of four years.

4. The Court indicated, however, that Wal-Mart could return to the Court to seek protection from the scope ordered by the Court if the Court's scope produced an onerous search.

5. In this case, the Plaintiff was, in fact, sent checks for his Paid Time Off ("PTO") in January 2017 after Wal-Mart enter his termination into its system. The Plaintiff received the checks. Claiming to believe that the amounts paid were not accurate and that the payment was untimely, the Plaintiff has not cashed those checks.

6. In other words, the dispute over the payment of wages to be paid upon termination, including paid time off, centers on the amount of the payment and whether Wal-Mart should have paid him his wages at the time he was notified of his termination in October 2016 rather than when his termination was keyed into the system, which act prompted a payment of his PTO. The claim is not about whether he was paid PTO at all.

7. Other possible claims by other management-level associates with respect to PTO are not likely to be relevant to the particular nature of the Plaintiff's claims. Getting into other claims, to the extent they even exist, will require a fact intensive inquiry and a case within a case analysis that is likely to be of little evidentiary weight, if any at all, and will likely cause confusion.

8. It is important to note that the wage payment law in effect at the time of Plaintiff being notified of his termination in October 2016 and the keying of his termination into the computer system in January 2017 required that the Plaintiff make a demand for his wages. Pursuant to the Maine Wage Law in effect in October 2016 and January 2017, 26 M.R.S.A. § 626, "An employee leaving employment must be paid in full within a reasonable time *after demand*. . ." *See* 26 M.R.S.A. § 626

(2017) (emphasis added).[1] The Plaintiff did not make a demand for wages until June 2017, after he had been provided checks in January 2017, which he did not cash.

9. Wal-Mart has made an effort to determine what it would be required to respond to Request 28 as ordered by this Court.

10. Discovering the information is a manual process requiring a search of anywhere from 2-5 databases. There is no system that allows Wal-Mart to insert search terms that would produce a report. Wal-Mart must obtain a list of all management associates for each of the stores for the last four years and then attempt to obtain information about complaints under the name of each manager individually. Each database has to be search twice for each named management associate individually.

11. The "New England Division" contains at least 15 states, 9 regions, about 108 markets and about 1258 stores. Each store is expected to have about 10-20 people at the management level of Assistant Store Manager and above. The level of management in the Division ordered by the Court contains five levels of management, including Assistant Store Manager, Co-Manager, Store Manager, Market Manager and Regional Manager. The Plaintiff was a Market Manager.

12. The Region in which the Plaintiff worked contains 12 markets in four states with approximately 141 stores.

13. The State of Maine contains three markets and 31 stores. Just for the State of Maine, the number of management associates, who worked for Wal-Mart over the span of four years is likely to be over 600 associates.

14. Wal-Mart asserts that even the narrowed scope of Request No. 28 remains disproportionate to the needs of the case. The burden and expense of the proposed discovery outweighs its likely benefit.

---

[1] Effective October 31, 2017, Section 626 stated, "An employee leaving employment must be paid in full no later than the employee's next established pay date." 26 M.R.S.A § 626 (effective October 31, 2017).

15. It is important to note that the Plaintiff's claim is based on a specific Maine law and not laws that exist in any other state. As a compromise, Wal-Mart proposes to limit the search to the State of Maine and to apply a randomized search of 20% of the 600 or so management associates that would have worked for Wal-Mart over the last four years.

16. Undersigned counsel conferred with the Plaintiff, who indicated that he would agree to reduce the scope to the Region in which he worked but that Region contains 12 markets in four states and about 141 stores that very likely employed close to or over 3,000 management level associates within the last four years. Wal-Mart asserts that the scope of the Plaintiff's region remains disproportionate to the needs of the case and the burden and expense of the proposed discovery.

Therefore, Wal-Mart moves for protection under Rule 26(c) to limit the scope of Request No. 28 to the geographic area of the State of Maine and a randomized search of 20% of the management associates identified as having worked for Wal-Mart in Maine over the last four years.

Dated this 28th day of September, 2018.

*/s/ Ronald W. Schneider, Jr.*
Ronald W. Schneider, Jr.
BERNSTEIN SHUR
100 Middle Street, P.O. Box 9729
Portland, Maine 04104-5029
(207)774-1200 (t)
(207) 774-1127 (f)

rschneider@bernsteinshur.com
Attorneys for Defendants Wal-Mart Stores, Inc.
and Wal-Mart Stores East, L.P.

# CERTIFICATE OF SERVICE

I hereby certify that on the date stated above, I served a copy of the foregoing document via U.S. First Class Mail and e-mail to the following:

> David E. Murray
> 16 Trail Road
> Casco, ME 04015
> demurr11@gmail.com

Dated: September 28, 2018

*/s/ Ronald W. Schneider, Jr.* _
Ronald W. Schneider, Jr.
BERNSTEIN SHUR
100 Middle Street, P.O. Box 9729 Portland, Maine 04104-5029
(207)774-1200 (t)
(207) 774-1127 (f)
rschneider@bernsteinshur.com

Attorney for Defendants