UNITED STATES FEDERAL COURT
DISTRICT OF MAINE

| | |
|---|---|
| DAVID E. MURRAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:15-cv-00484-DBH |
| | ) |
| WAL-MART STORES, INC. et al., | ) |
| WALMART, INC. | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER (ECF NO. 164)**

David E. Murray, Plaintiff (Pro Se), hereby responds to the Defendants Wal-Mart Stores, Inc. ("Wal-Mart"), Motion for Protective Order (the "Motion") ECF No. 164. In support thereof, the Plaintiff states as follows:

1. As stated in the Defendants' Motion paragraph No. 3, the Court held a Discovery Conference on September 24, 2018 to deal with the request(s) and with respect to Request No. 28, the Court did limit the scope to Assistant Managers and above for a period of four years.

2. On September 27, 2018 the Defendant sent the Plaintiff communication to randomize the search, which the Plaintiff found to be unacceptable but the Plaintiff did offer to reduce the scope further to only the states of Maine, New Hampshire, Vermont, Massachusetts and New York, which was Paul Busby's previous-old alignment. Reducing the Defendants stated burden from 15 states down to a total of only 5 states, which is more than reasonable.

3. The Defendant goes on in an attempt to deflect from the request and the courts decision to support the request on September 24, 2018 with facts that are not supported with evidence, there should be reports and summaries available upon request from the Human

1

Resource Division, IT Division, Payroll Division and Legal Division of annual personnel-payroll files and audits that have been completed and include any violations.

4. As noted in ECF No. 164 paragraph No. 7, this will not cause any confusion but identify the timely handling of the paying a terminated associated upon their notification of their termination, Wal-Mart has actual policies and checklist(s) in place that should be utilized and followed including an EXIT Interview, as the Plaintiff was terminated on October 4, 2016 via email by Larry Hosey (Exhibit A) and Wal-Mart admits to not keying the Plaintiff out of their computer system until January 23, 2017 and the Plaintiff was not paid out per 26 M.R.S. § 626. Especially see where the Defendant places emphasis on the update of 26 M.R.S. § 626, that became effective on October 31, 2017 when the Plaintiff was terminated on October 4, 2016. Defendant failed to complete an Exit Interview with the Plaintiff, which would have triggered the systematic processes.

5. The Defendant failed to share with the court in paragraph No. 5 of ECF No. 164 that the Defendant terminated the Plaintiff of October 4, 2016 via email, (Exhibit A). The Defendant also fails to show that Wal-Mart made a deposit into the Plaintiff's personal checking account for $3776.09 on January 26, 2017 and a withdrawal out of the Plaintiff's personal checking account of $3776.09 on January 26, 2017 without any type of authorization from the Plaintiff. The Defendants characterization of the monies owed to the Plaintiff is missing key factual evidence that has been documented with the court and with the Defendant. The Plaintiff did not receive a paystub (Exhibit B) from the Defendant until July 31, 2017[1].

6. The Defendant's characterization of "termination" of an associate in paragraph No. 6 is injected in a manner that lacks details and is not factually true upon its face, and what would one interpret the Defendant's definition of "Termination" of an Associate because as noted in paragraph No. 4 above, Wal-Mart has actual policies and checklist(s) in place

---

[1] The paystub received has a printed date February 9, 2017, mailed on July 28, 2017 and arrived on July 31, 2017 via U.S. Mail.

that should be utilized and followed including an EXIT Interview to ensure the Plaintiff would have been keyed out[2] of their computer system immediately upon the Plaintiff's October 4, 2016 termination.

7. The Plaintiff's claim includes Wal-Mart's Leadership, RGM and Vice-President, Paul Busby was an Officer of the Company when he was the Plaintiff's supervisor impacting Market Managers and Management Associates compensation in 5 different states in the Northeast. Again, the Plaintiff has offered the Defendant an additional compromise to get the necessary requested information for RPD No. 28, that was discussed in detail during the Discovery Conference with the Court on September 24, 2018, in the above paragraph No. 2, by reducing the State count by over 60% and the store count dramatically as well.

8. Wal-Mart has Corporate and Field Human Resource Managers in Markets, Regions and Division as well as the Corporate Office that can assist in quickly gathering this information for the Defendant as well as other tools and reports being readily available, to support the compliance of State Laws, as noted in paragraph No. 3.

Based on the above information, the Defendant is attempting to argue their PTO Claim in their Defendants' Motion for Protective Order when the Motion is about RPD Request no. 28, so the Plaintiff respectfully requests that the court denies the Defendants' Motion for Protective Order, ECF No. 164.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: October 19, 2018 | */s/ David E. Murray* |
|  | David E. Murray, Plaintiff, Pro Se.<br>16 Trail Road<br>Casco, Maine  04015<br>(207)-627-3209<br>demurr11@gmail.com |

---

[2] Phil Morris April 27, 2017 30(b)(6) deposition, page 48 Morris was asked, "Was it your job to notify other people at Wal-Mart about the termination so that the termination mechanics would go ahead properly?" Morris responds, "Not from my point of view, no." he was then asked, "Who was supposed to do that?" Morris responds, "My assumption was it was going to be handled by Larry Hosey's side."

# CERTIFICATE OF SERVICE

The undersigned certifies that on the date indicated below the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system; that the same will be sent electronically to the following counsel at Bernstein Shur, Sawyer and Nelson P.A., counsel for the Defendant:

Ronald W. Schneider, Jr. rschneider@bersteinshur.com

Amber R. Attalla aattalla@bernsteinshur.com

Eben M. Albert ealbert@bernsteinshur.com

Dated: October 19, 2018

                                    */s/ David E. Murray*

David E. Murray, Plaintiff, Pro Se.
16 Trail Road
Casco, Maine  04015
(207)-627-3209
demurr11@gmail.com