**UNITED STATES DISTRICT COURT**

**DISTRICT OF MAINE**

| | | |
|---|---|---|
| DAVID E. MURRAY, | ) | |
| | ) | |
| PLAINTIFF | ) | |
| | ) | |
| v. | ) | CIVIL NO. 2:15-CV-484-DBH |
| | ) | |
| WAL-MART STORES, INC., ET AL., | ) | |
| | ) | |
| DEFENDANTS | ) | |

**ORDER ON PLAINTIFF'S MOTION FOR CONTINUANCE AND STAY**

As the discovery deadline and deadline for summary judgment motions approached, the plaintiff on September 17, 2018, filed a "motion for an immediate continuance and stay of all deadlines due to intentional concealment of conflict of interest." (ECF No. 141). As he initially framed the issue, the motion was based upon "Newly Found Evidence" of a "conflict of interest." (ECF No. 141-1 at 1, 2). He asserted that his previous lawyer (a lawyer who was permitted to withdraw from representing him on May 11, 2017 (ECF No. 72)) was paid $25,000 by the defendants' law firm for serving as an expert witness in an unrelated lawsuit against that law firm back in 2010 (ECF No. 141-1 at 1, 2), and the lawyer did not provide that information to the plaintiff before undertaking to represent him. See id. at 2. In the text, although not the title, of his motion, the plaintiff also requested the "immediate removal" of the defendants' law firm from his current lawsuit as well as any future lawsuits

against the defendants. Id. at 4. The plaintiff's motion for continuance, stay, and disqualification is **DENIED**.[1]

The Maine Rules of Professional Conduct govern lawyer behavior in this Court. Local Rule 83.3(e)(1). Under those rules,[2] an expert witness is not a client, and this plaintiff has not shown how a conflict of interest is created by his one-time lawyer's 2010 receipt of payment for appearing as an expert witness in an unrelated lawsuit against the law firm now representing the defendants.[3] The plaintiff has also not shown how he is prejudiced by the fact that his one-time lawyer was paid and appeared as an expert witness. If the plaintiff is unhappy about his one-time lawyer's previous appearance as an expert witness for the defendants' law firm, his dispute is with his former lawyer, not the defendants' law firm. And his former lawyer is no longer representing him.

In his October 23, 2018, "Response and Opposition" to the defendants' objection to his motion, the plaintiff has now added many assertions that are not "Newly Found Evidence," but matters of which the plaintiff has long been aware. Raised at this late stage of the proceedings, they appear to be tactical, disrupting the progress of this lawsuit to a conclusion at trial or summary judgment. Moreover, since the plaintiff did not include them in his initial motion, the defendants did not have an opportunity to respond to them.

Most of the new assertions reflect the plaintiff's unhappiness with his previous lawyer and have nothing to do with the merits of his lawsuit against the

---

[1] The plaintiff refers to Fed. R. Civ. P. 60(b)(2)&(3), Mot. at 3, but that rule is concerned with relief from a judgment or order, not the subject of the plaintiff's motion.
[2] I have consulted Rules 1.7, 1.8, 1.9, 1.10, and 1.18 of the Maine Rules of Professional Conduct.
[3] There is also no assertion that either the defendants or the defendants' law firm were ever clients of the plaintiff's former lawyer.

2

defendants here, because this lawsuit is neither a professional malpractice lawsuit against his previous lawyer nor a disciplinary proceeding against that lawyer. Others of the new assertions seem to say that the defendants' law firm actually represented the plaintiff himself in the past "as a Defendant-Witness" while he was employed by the defendants (ECF No. 173 at 1),[4] asserting a conflict of interest in that respect. The plaintiff has been aware of this "conflict" since at least March 2016, but did not raise it until now.[5] Moreover, the evidence the plaintiff submits does not support his assertions. The plaintiff states: "As noted in Mr. Webbert's [his previous lawyer's] response [to an email from the Plaintiff], Bernstein Shur, Sawyer and Nelson P.A. never clarified with any [m]anager that they were not representing them during any previous cases like the one(s) the Plaintiff was involved with." (ECF No. 173 at 2.) The lawyer's response he cites in footnote 3, referring to Exhibit B, does not say that. It says: "In general, a law firm or lawyer that represents an employer is not considered to be representing the employer's managers personally unless the law firm or lawyer gave the manager the impression that they were being represented personally." (ECF No. 173-2 at 2.) The plaintiff also cites an October 18, 2016, deposition of a different manager where that manager demonstrates confusion over whether the defendants' lawyer is representing him.[6] Even if I construe that testimony as

---

[4] He also alleges that the law firm represented certain "perpetrators" as "Defendant-Witness[es]." (ECF No. 173 at 1-2.) I do not see how that creates a conflict of interest as to this plaintiff.
[5] See Exhibit B to his Response and Opposition (ECF No. 173-2 at 2).
[6] Videotaped Deposition of Kevin Robinson (ECF No. 173-3, 2-3):
      Q. Do you have a lawyer in this case?
      A. I don't.
      Q. Have you discussed with any lawyers your preparation for today's deposition?

showing that *that* manager in 2016 thought the defendants' law firm was representing him, it does not bear upon what *this* plaintiff believed or was told in 2011, the year of the deposition when he now claims that the law firm represented him.[7] Finally, even if the plaintiff could be considered a former client of the law firm from 2011, the plaintiff has not shown that the law firm gained confidential information about the plaintiff from that "representation." See Maine Rule of Professional Conduct 1.9(b)(c), concerning duties to a former client. Nor has he shown that the subject matter of the present lawsuit "encompasses the subject matter of" the 2011 matter.[8]

---

    A. Only him.
    Q. And he's the lawyer for Wal-Mart?
    A. He's the lawyer for Wal-Mart.
      MR. SCHNEIDER [Wal-Mart lawyer]: And for him for the purpose of this deposition.
    Q. Is he representing you?
    A. I believe so. I hope so.
    Q. When did you come to that understanding?
    A. I just know that he was assigned. I got an e-mail from the home office saying he was going to be assigned and he would be contacting me for information, and I'm not even certain how long ago that was but …
    Q. Were you told he was looking out for your interests?
    A. No.
      MR. SCHNEIDER: Objection. Sorry.
    Q. So do you understand that he's personally representing you?
    A. I don't know that I understand that at all.
    Q. As far as you know, is he just looking out for Wal-Mart?
      MR. SCHNEIDER: Objection.
    A. As far as I—again, I don't know how to answer the question. I'm not certain. I know he's here to represent me. I know that Wal-Mart contracted him. My opinion is that he's representing Wal-Mart, and I work for Wal-Mart. That's just my understanding.
    Q. So if you told him something confidential about something you had done wrong at Wal-Mart, is it your understanding he would keep that confidential or that he would tell Wal-Mart?
    A. I don't know that he would or not.
      MR. SCHNEIDER: Objection.
    A. I don't know.

[7] The specific date is July 9, 2011. (ECF No. 173 at 2 n.1.)
[8] Board of Overseers, Enduring Ethics Opinion #2 [December 2010], *available at* http://www.maine.gov/tools/whatsnew/attach.php?id=88454&an=1 (last visited Oct. 25, 2018) ("[I]f there is no identity of subject matter and no possibility of use of confidential information, then no impediment exists" to a law firm representing someone adverse to a former client.)

Thus, the plaintiff's new assertions in his Response and Opposition do not support granting his motion.  This lawsuit, already over three years old, must move forward to a conclusion.  I caution the plaintiff against continuing the piecemeal and delaying approach his current motion practice demonstrates.

**SO ORDERED.**

**DATED THIS 25TH DAY OF OCTOBER, 2018**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**