UNITED STATES FEDERAL COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DAVID E. MURRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:15-cv-00484-DBH |
| | ) | |
| WAL-MART STORES, INC. et al., | ) | |
| WALMART, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' RESPONSE AND OPPOSITION TO DEFENDENTS' OBJECTION (ECF NO.170) TO PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT (ECF NO.160)**

David E. Murray, Plaintiff (Pro Se) ("Murray"), hereby responds to and opposes the

Defendants Wal-Mart Stores, Inc. ("Wal-Mart"), objection (ECF No.170) to the Plaintiff's Motion for

Leave to file Third Amended Complaint (the "Complaint") (ECF No.160). The Plaintiff ("Murray")

states as follows:

**INTRODUCTION**

The Defendant's Preliminary Statement is misleading and factually incorrect, especially

where they state, "Each of the new factual allegations against Wal-Mart in the proposed Third

Amended Complaint could have been presented in the original Complaint or one of the two prior

amended complaints, and Murray has failed to demonstrate any good cause for the substantial

delay in bringing a further amendment at this late juncture."  The Defendants' opposition relies on

disputed facts and incorrect issues of fact that contradict actual-factual allegations in the Third

Amended Complaint (the "Complaint"). Its statute of limitations defenses should be raised, if at

all, on motion for summary judgement[1] and are improperly asserted here. The Plaintiff followed

the Court's direction from September 19, 2018 Telephonic Conference with the Defendant's

---

[1] As noted by the Defendant in ECF No. 170 page 2 under Procedural Background, in their opposition document.

Counsel, the Plaintiff did follow the direction from ECF No. 154 (FTR No.154) completing the Second Amended Complaint as directed by the court and with the documented disputed facts that the Defendant would not support the Plaintiff adding to the Second Amended Complaint, the Plaintiff was left with the only other option given by the Court, which was to file a Motion for Leave to File a Third Amended Complaint that included the proposed Third Amended Complaint attached as directed. The Plaintiff requests under Federal Rules of Civil Procedures Rule 15(a)(2) that his Motion for Leave to file the Third Amended Complaint be freely Granted "when justice so requires" and the Defendants' Opposition and request for denial be Denied.

## ARGUMENT

I.     **The Federal Rules of Civil Procedure Provide Leave to Amend and The Court Should Freely Give Leave When Justice So Requires, The U.S. Court of Appeals for the Third Circuit's West Run[2] Decision Provides an Additional Substantive Basis for a Motion to Amend Even Up to and on the Eve of Trial:**

The Motion for Leave to file the Third Amended Complaint was filed on September 26, 2018 (ECF No.160) while Discovery was still open and is necessary and justified, the Plaintiff continues to identify specific evidence of material misrepresentations from his Original Complaint, his First Amended and [Proposed] Second Amended Complaint, that his previous attorney(s) had inaccurately documented, not documented and or refused to add to the Plaintiff's specific complaints that have been identified while recently researching his Case File Documents and other document research, as he continue(s) to meet court deadlines, while dealing with his disabilities including his PTSD, that Wal-Mart did question his two Healthcare Providers[3] about during their depositions, after Wal-Mart has received Neuropsychiatrists, Dr. Gaston Baslet, MD (of Brigham & Women's Hospital) diagnoses-progress notes identifying the Plaintiff's PTSD diagnoses. See U.S. Court of Appeals for Third Circuit decision in, West Run Student Housing Associates, LLC v. Huntington National Bank, 7 F. 3d 165 (3d Cir. 2013).

---

[2] West Run Student Housing Associates, LLC v. Huntington National Bank, 7 F.3d 165 (3d Cir. 2013).
[3] Michelle Bolen, LCSW, deposition September 23, 2016 and Dr. Steven Edwards, DO, deposition October 12, 2016.

## II. The Plaintiff supplied the Defendant with Discovery Documents when requested beginning in 2016, with supporting and updated information documented within the Third Amended Complaint:

In reference to the Plaintiff's different diagnoses by his Healthcare provider(s), the Defendant was given current copies of Letters, Progress Notes, Diagnoses Notes, Visit Notes that included his diagnoses of PTSD from Neuropsychiatrist, Dr. Gaston Baslet, MD[4] on August 22, 2016 and by LCSW, Michelle Bolen[5] on December 13, 2014. After discussing the importance of amending his complaint to include the diagnoses with Attorney Jouret, he requested that the Plaintiff request each Healthcare Provider submit a letter, see Exhibit A[6], for Attorney Jouret to utilize in support the Plaintiff's Second Amended Complaint including all Medical information.

The Plaintiff sent documented emails dating back to his original Complaint, including an email to his former counsel on August 28, 2016 to ensure details of the traumatic accident where a Customer lost their life in Auburn, Me, the retaliation and the impact it has had on the Plaintiff's health be documented in his Complaint to include the PTSD. Defendant's received discovery documents on September 20, 2016 of the Plaintiff's Medical Diagnoses of PTSD[7] (see ECF No.103) for reporting violations of unethical and illegal practices including the 2014 death of the customer, how the Plaintiff watched the video footage and felt her death could have been prevented. Plaintiff had reported the Public Health and Safety Issue Concerns to an Officer of the Company, while engaged in protected activities. The audio and video evidence had been in the Defendant's possession since June 3, 2016 and that the Defendant's waited until October 4, 2016 to terminate the Plaintiff, without any type of investigation[8]. The jury could make an adverse inference that the

---

[4] Dr. Gaston Baslet, MD's diagnoses completed at Brigham & Women's Hospital on August 22, 2016.
[5] LCSW, Michelle Bolen's initial diagnoses completed on December 13, 2014.
[6] Exhibit A – Dr. Baslet July 27, 2017 letter and LCSW, Michelle Bolen July 31, 2017 letter for Attorney Jouret pending amendment of Plaintiff's Complaint, includes **SLACK** Communication document from Sunday, August 6th and Tuesday August 8th 2017 from the Plaintiff to Attorney Jouret submitting the requested letters.
[7] The Defendant was required to provide the Plaintiff a reasonable accommodation under the Americans with Disabilities Act (ADA) and the Fair Employment and Housing Act (FEHA) but chose to terminate his employment.
[8] Exhibit B - Phil Morris April 27, 2017 30(b)(6) Deposition, pages 39 thru 42 where Morris admits that Wal-Mart did not complete any type of investigation before terminating the Plaintiff.

Defendants proffered reason for the adverse employment action is merely a pretext for unlawful intentional discrimination and retaliation.

III. **The Plaintiff has shown Due Diligence of the Multiple Attempts of Getting His Complaints Documented Both Accurately and Timely with his Attorney(s):**

The Plaintiff has never had to represent himself without counsel, and especially acting Pro Se, (with all of the documented Healthcare and Disability issues including PTSD), in a court case before, as the Plaintiff continues to learn and become aware of the different Laws, the Plaintiff continues to review various Documents, the Plaintiff continues to review Discovery and his Case File Documents the Plaintiff has identified the material misrepresentations that he attempted to address with the Second Amended Complaint and with the Defendant's Attorney Ron Schneider to no avail causing him to have to document and file the Motion for Leave to file the Third Amended Complaint with the Court.

In the Plaintiff's email to his previous attorneys, see Exhibit C[9], document evidence and legal claims to be included in the Plaintiff's case to date, the Attorney did not include in the Plaintiff's Complaint or First Amended Complaint that were consistently brought to his attention and communicated. Requesting to have evidence and legal claims documented, corrected, them material misrepresentations and or leaving specific details and specific facts of the First Amended Complaint was another issue communicated-documented with prior counsel in Exhibit D[10] and Exhibit E[11]. The Defendant argues on the Plaintiff's previous counsels' behalf, (ECF No. 170 pg. 8) "even a cursory review of the record in this matter plainly demonstrates that Murray's prior counsel—a preeminent plaintiffs' employment attorney—zealously and aggressively advocated on behalf of Murray at all times, undermining any argument that a conflict of interest somehow caused counsel to fail to assert some fact or take some action in a timely fashion. One need only

---

[9] Exhibit C - March 5, 2017 at 3:53 PM, Email and attached SOX Word Document, from Plaintiff to Attorneys Webbert and Brooks, continuing to document evidence and legal claims to be included in the Plaintiff's case the Plaintiff's case to date and concerns.

[10] Exhibit D – April 16, 2016 at 10:21 AM, Email thread from Plaintiff to Attorneys including material misrepresentations documented about Markdown Investigation and addressing material misrepresentations of multiple incorrect dates.

[11] Exhibit E – June 24, 2017 at 1:41 PM, Email thread from Plaintiff to Attorney when taking over case, identifying material misrepresentations and issues with case needing to be addressed and added to Plaintiff's Complaint.

read the opening paragraphs of Murray's original Complaint to know that Murray's prior counsel was unrestrained in his zealous advocacy of Murray's position in this case. "The Defendant would state this because of its benefit to Wal-Mart at this point in the Plaintiff's case, to make such comments-statements without supporting facts as seen in the attached Exhibit(s). The Plaintiff's continued attempts to amend his complaint through his previous counsel to no avail, continues to damage his case against the Defendant to date, to ensure due process one should be able to put forward a full and complete case with all evidence and legal claims to include continued retaliation withholding monies being held by the Defendant to date (including the current monies from the Plaintiff's 2017 W-2), under the False Claim Act 3730(h), any employee that is retaliated against because of his or her lawful acts as a whistleblower is entitled to maintain an action for retaliation. The Plaintiff was engaged in a protected activity and the Defendant knew about those acts and took an adverse action against the Plaintiff because of these acts.

**IV.    The Defendant Opposition, to Plaintiff's Motion for Leave to File Third Amended Complaint, Spent A Great Deal of Effort and Focus on One Area that has been decided by the Court in ECF No.174:**

The Plaintiff wants to ensure that all other aspects of the Plaintiff's Motion for Leave to File Third Amended Complaint remains the subject for the current "Motion" (being, ECF No.160). Including that ECF No.85 was filed by Attorney Stephan Jouret, the Plaintiff's 2nd attorney who withdrew[12] on November 29, 2017 from Plaintiffs' case, with an open-pending Motion (ECF No. 85, the initial Second Amended Complaint with Material Misrepresentations) that he filed unsigned, on September 29, 2017, which is in violation of Rule 89(a)(2) of The Maine Rules of Civil Procedure and the Federal Rules of Civil Procedure Rule 11(a).

The Defendant states the following on page 6 of ECF No.170, "Accordingly, nothing prevented Murray from making such allegations in either his first or second amended complaint.

---

[12] See Exhibit C and Exhibit E, Attorney Jouret was aware of multiple material misrepresentations before joining the Plaintiff's case and had access to a complete Dropbox file of his Healthcare Providers, especially is Neuropsychiatrist, Dr. Baslet. Sarbanes Oxley and Dodd Frank Act were documented with both Attorney Webbert (on May 9, 2017) and Attorney Jouret in Exhibit E.

Similarly, in paragraphs 53B and 60B, Murray adds a vague reference to an alleged deposit to and withdrawal from his bank account on January 26, 2017, or well over 20 months ago. *See* ECF Doc. 160-1, ¶¶ 53B, 60B. Murray offers no explanation for his failure to bring such allegations in the intervening time, and these undeveloped allegations provide no basis for a claim of any kind against Wal-Mart in the first instance." Wal-Mart admits to accessing the Plaintiff's personal checking account (without authorization) making a deposit and reversing (as communicated by the Defendant[13]) on January 26, 2017.[14]

As noted in Wal-Mart's Opposition to the Plaintiff's Motion for Leave to file Third Amended Complaint (ECF No.170 on pg. 8) the Defendant states, "Finally, to the extent Murray is attempting to assert some sort of intentional misrepresentation claim against Wal-Mart, such a claim fails on its face. For one, Murray wholly fails to assert such a claim with the specificity required by Rule 9(b)[15]." In fact, the Defendant made their first fraudulent omission when they had Phil Morris sign their very late interrogatories (Exhibit F)[16] on March 10, 2017 and their second fraudulent omission during the April 27, 2017 30(b)(6) deposition of Phil Morris when Morris admitted to terminating the Plaintiff in October of 2016 (Exhibit B)[17]. The Defendant continues their attempts at suppressing the facts, the truth,[18] responding with false representations and information including their current responses within ECF No.170 throughout including (on PageID:747 pg.6), "[t]he interview Murray was allegedly required to attend on September 5, 2014, and reports Murray allegedly made in June of 2014, all of which predated the filing of his original Complaint." Each of these are documented and are within the case Discovery Documents (see

---

[13] October 3, 2017 at 12:38 PM email sent by Ron Schneider documenting the monies and of Wal-Mart accessing the Plaintiff's Personal Checking Account without Authorization, about 12 months ago.

[14] Plaintiff's previous Attorneys were both aware of the Defendant accessing the Plaintiff's Personal Checking Account without Authorization, Mr. Webbert was notified on February 14, 2017 and Mr. Jouret was given a copy of the Plaintiff's redacted Bank Statement on multiple occasions.

[15] Re: Federal Rules of Civil Procedure Rule 9(b)

[16] Exhibit F – March 10, 2017 - Wal-Mart Signed Interrogatories

[17] Exhibit B – Phil Morris April 27, 2017 30(b)(6) deposition page(s) 3 thru 10 (pg.6 L25**Q**. Did you make the decision to fire David Murray? pg.7 L1 **A**. I did.)

[18] Facts that were provided to Wal-Mart multiple times including all Discovery provided, additional documents provided, counsel communications and court filings including the termination of Murray by Larry Hosey on October 4, 2016 via email.

Exhibit G)[19] and WM 028289 June 18, 2014 email sent from the Plaintiff to Julie Murphy, Sr. VP Operations.

Due to the irreparable documented damage that has been caused to the Plaintiff's case to date, it is critical for the Plaintiff's case that the Court allow the evidence and the legal claims of the Third Amended Complaint, and that the Plaintiff's Motion for Leave to File Third Amended Complaint (ECF No.160) be GRANTED.

Dated: October 31, 2018

Respectfully submitted,
*/s/ David E. Murray*
David E. Murray, Plaintiff, Pro Se.
16 Trail Road
Casco, Maine  04015
(207)-627-3209
demurr11@gmail.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on the date indicated below the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system; that the same will be sent electronically to the following counsel at Bernstein Shur, Sawyer and Nelson P.A., counsel for the Defendant:

Ronald W. Schneider, Jr. rschneider@bersteinshur.com
Amber R. Attalla aattalla@bernsteinshur.com
Eben M. Albert ealbert@bernsteinshur.com

Dated: October 31, 2018

 */s/ David E. Murray*
David E. Murray, Plaintiff, Pro Se.
16 Trail Road
Casco, Maine  04015
(207)-627-3209
demurr11@gmail.com

---

[19] Exhibit G – September 5, 2014 Mandatory Meeting for Plaintiff to attend an actual meeting-investigation with Wal-Mart Global Investigator, Matt Yoes not an "alleged" meeting as the Defendant stated in ECF No. 170.