UNITED STATES FEDERAL COURT
DISTRICT OF MAINE

| | |
|---|---|
| DAVID E. MURRAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:15-CV-00484-DBH |
| | ) |
| WAL-MART STORES, INC. and | ) |
| WAL-MART STORES EAST, L.P. | ) |
| | ) |
| Defendants. | ) |

# DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR A PROTECTIVE ORDER

Defendants Wal-Mart Stores, Inc. and Wal-Mart Stores East, L.P. respectfully submits this Reply in support of their Motion for a Protective Order (ECF Doc. 164).

## ARGUMENT

Pursuant to the Federal Rules of Civil Procedure, discovery must be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The Court may issue a protective order to "protect a party from annoyance, embarrassment, oppression, or undue burden or expense," including but not limited to an order "forbidding the disclosure or discovery," "specifying terms … for the disclosure or discovery," "prescribing a discovery method," or "limiting the scope of disclosure or discovery to certain matters." *Id.* 26(c)(1).

As noted in Wal-Mart's motion, this dispute concerns Murray's request for all documents relating to any past or current violations of Maine's wage-payment statute, 26 M.R.S.A. § 626 (the "Wage Act"), or any similar statute within the fifteen states that comprise Wal-Mart's New England Division, for the period from 2006 to the present. The Court previously limited the scope of the request to management-level associates for the prior four years, and permitted Wal-Mart to seek additional protection if the narrowed scope still required an onerous search. *See* ECF Doc. 161. It is now apparent that the request, even as limited by the Court, would require substantial effort on the part of Wal-Mart that is wholly out of proportion to the limited importance, if any, of the information requested and the reasonable needs of the case. *Cf.* Fed. R. Civ. P. 26(b)(1).

Specifically, there is no way to find and retrieve the information at issue other than to conduct an onerous manual search for individual associates to try to locate information regarding past wage-payment complaints, whose records exist in multiple systems and databases. There is no central database that could be quickly searched for the requested information, and there are no reports or summaries that Wal-Mart could utilize to find the requested information in a reasonable amount of time.

Murray's only argument in his opposition to Wal-Mart's motion is his unsupported assertion that "there should be reports and summaries available upon request from the Human Resource Division, IT Division, Payroll Division and Legal Division of annual personnel-payroll files and audits that have been completed and include any violations." Opposition ¶ 3. Murray is incorrect. There are no reports or summaries kept from which the information sought could be readily derived. The information is not of the sort that would generally be tracked or compiled by a business in the ordinary course, and Wal-Mart has not tracked or compiled such information in this instance. As Wal-Mart has

already noted, locating the information will require an extensive, onerous manual search of multiple systems.

Murray also makes a vague reference in his opposition to his allegation that Wal-Mart failed to conduct an exit interview, but draws no nexus between this alleged failure and the information sought. *See* Opposition ¶¶ 4, 6. In fact, there is no such nexus, and the lack of an exit interview does not in any way justify his onerous discovery request. Similarly, Murray makes reference to an alleged deposit and withdrawal from his checking account on January 26, 2017. *Id.* ¶ 5. Once again, however, Murray does not explain how this allegation pertains to or supports any of his claims, or how it justifies the discovery he is seeking. On its face, it does not.[1] In sum, Murray's opposition offers no legitimate justification for the breadth of search he is seeking.

To the contrary, the discovery sought is unlikely to have any significant importance in resolving the issues between the parties. Wal-Mart is not aware of any prior Wage Act complaints for associates at or above Murray's level in the region and period at issue. Thus, the most likely result of any search is that it will return no responsive documents, but will still require significant time and effort on the part of Wal-Mart to search the files and systems at issue.

To the extent Murray seeks to use the information to support his Wage Act claim, the information sought is not relevant. The fact that some other associate may have brought a Wage Act claim at some time does not make it any more or less likely that Murray was not paid according to the Wage Act in this particular instance. To the extent Murray instead seeks to use the *absence* of evidence of prior Wage Act complaints to support some argument that he was treated differently than similarly situated Wal-Mart employees, the risk of a narrower search would fall squarely on Wal-Mart. In either case, whatever minimal benefit Murray might receive from the requested search, if any, is

---

[1] The deposit appears to have been made in error, and simply reversed when the error was discovered. These facts in no way support any Wage Act claim, or otherwise justify the discovery sought.

3

greatly outweighed by the heavy burden and expense on Wal-Mart that the manual search requested by Murray will entail.

As a reasonable compromise, Wal-Mart has proposed that it select, at random, 20% of the estimated 600 management-level associates in Maine for the past four years, and search these associates' files for evidence of Wage Act complaints. This is a reasonable compromise and proportional to the needs of the case. Even this limited search will likely require significant time and effort on the part of Wal-Mart personnel. Nevertheless, Plaintiff has refused this reasonable compromise and insists that Wal-Mart search a minimum of five states containing 141 stores and close to or more than 3000 management-level associates one by one. Suffice it to say, locating the files of 3000 or more associates and then conducting manual searches in each of them for evidence of wage-payment complaints would be a substantial undertaking.

Finally, as the Court knows, the request at issue is part of Murray's third set of requests for production, which exceeds the allowable number of sets pursuant to the Court's scheduling order in this matter. *See* ECF Doc. 12 (limiting document requests to two sets per opposing side). While the Court has allowed Murray to pursue this additional request subject to reasonable limitations, the fact that Wal-Mart has already responded to two prior sets of document requests and produced substantial information is a further factor justifying the reasonable limitation requested by Wal-Mart in this instance.

For all the foregoing reasons, Wal-Mart respectfully requests that the Court grant its requested protective order and limit request number 28 in Murray's third set of requests for production in the manner set forth above.

Dated: November 2, 2018

Respectfully submitted,

*/s/ Eben M. Albert*
Eben M. Albert
Ronald W. Schneider, Jr.
BERNSTEIN SHUR
100 Middle Street, P.O. Box 9729
Portland, Maine 04104-5029
(207)774-1200 (t)
(207) 774-1127 (f)
ealbert@bernsteinshur.com
rschneider@bernsteinshur.com
Attorneys for Defendants Wal-Mart Stores, Inc.
and Wal-Mart Stores East, L.P.

## CERTIFICATE OF SERVICE

I hereby certify that on the date stated above, I served a copy of the foregoing document via U.S. First Class Mail and e-mail to the following:

>David E. Murray
>16 Trail Road
>Casco, ME 04015
>demurr11@gmail.com

Dated: November 2, 2018

/s/ *Eben M. Albert*
Eben M. Albert
BERNSTEIN SHUR
100 Middle Street, P.O. Box 9729 Portland, Maine 04104-5029
(207)774-1200 (t)
(207) 774-1127 (f)
rschneider@bernsteinshur.com

Attorney for Defendants