UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| *DAVID E. MURRAY,* | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| *v.* | ) | *No. 2:15-cv-00484-DBH* |
| | ) | |
| *WAL-MART STORES, INC., and* | ) | |
| *WAL-MART STORES EAST, L.P.,* | ) | |
| | ) | |
| *Defendants* | ) | |

**MEMORANDUM DECISION AND ORDER
ON MOTION TO AMEND COMPLAINT**

More than two years after the expiration of the parties' deadline to amend pleadings and two days prior to the expiration of their discovery deadline, plaintiff David E. Murray, now proceeding *pro se* in this employment action, moved to amend his complaint for a third time. *See* Plaintiff's Motion for Leave To File Third Amended Complaint ("Motion") (ECF No. 160). The defendants, Wal-Mart Stores, Inc., and Wal-Mart Stores East, L.P. (together, "Wal-Mart"), oppose the motion on the bases that Murray fails to demonstrate good cause for his delay in moving to amend and that, in any event, his amendment is futile. *See* Defendants' Opposition to Plaintiff's Motion for Leave To File Second Amended Complaint ("Opposition") (ECF No. 170) at 3-10. I agree in both respects and, accordingly, deny the motion.

## I. Applicable Legal Standards

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend should be granted in the absence of reasons "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The First Circuit has explained:

A motion to amend a complaint will be treated differently depending on its timing and the context in which it is filed. . . . As a case progresses, and the issues are joined, the burden on a plaintiff seeking to amend a complaint becomes more exacting. Scheduling orders, for example, typically establish a cut-off date for amendments (as was apparently the case here). Once a scheduling order is in place, the liberal default rule is replaced by the more demanding "good cause" standard of Fed. R. Civ. P. 16(b). This standard focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent. Where the motion to amend is filed after the opposing party has timely moved for summary judgment, a plaintiff is required to show "substantial and convincing evidence" to justify a belated attempt to amend a complaint.

*Steir v. Girl Scouts of the USA*, 383 F.3d 7, 11-12 (1st Cir. 2004) (citations, internal quotation marks, and footnotes omitted).

Because Murray filed the instant motion long after the parties' March 25, 2016, deadline for doing so, *see* Scheduling Order (ECF No. 12) at 2, the more demanding "good cause" standard applies.[1]

An amendment is futile when "the complaint, as amended, would fail to state a claim upon which relief could be granted." *Glassman v. Computervision Corp.,* 90 F.3d 617, 623 (1st Cir. 1996). "In assessing futility, the district court must apply the standard which applies to motions to dismiss under [Federal Rule of Civil Procedure] 12(b)(6)." *Adorno v. Crowley Towing & Trans. Co.,* 443 F.3d 122, 126 (1st Cir. 2006).

The Supreme Court has stated:

---

[1] Following the expiration of the parties' deadline to amend pleadings, their remaining deadlines were enlarged on multiple occasions, and the present motion to amend was filed two days prior to the discovery deadline of September 28, 2018. *See* ECF Nos. 160, 161. Murray's two prior motions to amend also were filed well after the deadline to amend pleadings; however, the court granted the first without objection on November 27, 2016, and the second over objection on August 24, 2018. *See* ECF Nos. 35, 128.

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and internal punctuation omitted). This standard requires the pleading of "only enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Under Rule 12(b)(6), a court assumes the truth of all of the well-pleaded facts in the complaint and draws all reasonable inferences in favor of the plaintiff. *Román-Oliveras v. P.R. Elec. Power Auth.*, 655 F.3d 43, 45 (1st Cir. 2011).

## II. Background

Murray's original complaint alleged that Wal-Mart retaliated against him for reporting unlawful discrimination against employees and for filing charges with the Maine Human Rights Commission and the U.S. Equal Employment Opportunity Commission and that Wal-Mart discriminated against him because of his disabilities. *See* Complaint and Demand for Jury Trial (ECF No. 1-1), attached to Notice of Removal (ECF No. 1), ¶¶ 1-3, 60. On November 11, 2016, Murray filed a motion to amend his complaint to add evidence of an additional adverse employment action, Wal-Mart's termination of his employment, *see* ECF No. 34, and the court granted that motion without objection on November 27, 2016, *see* ECF No. 35; *see also* First Amended Complaint and Demand for Jury Trial ("FAC") (ECF No. 36) ¶¶ 3A, 52A–X, 60A. On September 29, 2017, Murray filed a second motion to amend his complaint to add factual allegations and claims for unpaid salary, paid time off, and executive compensation benefits, and

to correct typographical errors.  *See* ECF No. 85.  Following a series of stays and deadline enlargements, the court granted that motion over the defendants' objection on August 24, 2018. *See* ECF No. 128; *see also* Plaintiff['s] Second Amended Complaint and Demand for Jury Trial ("SAC") (ECF No. 159) ¶¶ 3A, 52A, 52D, 53A-B, 60A-B, 62(g).

Murray now seeks to amend his complaint to add or correct factual support for existing claims, incorporate a legal argument, and seek "damages and relief" for Wal-Mart's counsel's alleged concealment in 2015 of an alleged conflict of interest they had with his former counsel. Motion at 1; [Proposed] Plaintiff['s] Third Amended Complaint and Demand for Jury Trial ("Proposed TAC") (ECF No. 160-1), attached thereto, ¶¶ 26, 28, 33, 37, 45A-B, 46, 48, 52, 52B-D, 52H, 52K, 52N-O, 52X, 53B, 59A, 60, 60B-D, 61, 62(c), (g), (h). [2]

### III.  Discussion

### A.  Failure To Show Good Cause for Delay

"[W]hen a considerable period has passed between the filing of the complaint and the motion to amend, courts have placed the burden upon the movant to show some valid reason for his neglect and delay." *Nikitine v. Wilmington Trust Co.*, 715 F.3d 388, 390-91 (1st Cir. 2013) (internal quotation marks omitted).  Murray offers three reasons: that (i) his amendment "concerns adverse action(s) that did not occur and or were [not] identified until September 13, 2018[,]" (ii) he needs to correct "material misrepresentations" in his complaint, and (iii) his prior counsel refused to seek to make some of the same changes he now proposes.   Motion at 2; Plaintiff's Response and Opposition to Defend[a]nts' Objection . . . to Plaintiff's Motion for Leave To File Third Amended Complaint ("Reply") (ECF No. 175) at 2-5.  For the reasons discussed below, even

---

[2] Murray does not appear to have proposed any alteration to seven of the paragraphs that he describes as containing changes: paragraphs 48, 52B-D, 52N-O, and 52X.  *See* Motion at 1; *compare* FAC ¶¶ 48, 52B-D, 52N-O, 52X *with* Proposed TAC ¶¶ 48, 52B-D, 52N-O, 52X.  However, nothing turns on any discrepancy.

assuming *arguendo* that Murray's discovery of new evidence constitutes good cause for his delay, the claim that he proposes to bring based on that discovery is futile. His remaining two explanations fall short of demonstrating the requisite good cause for delay.[3]

### 1. Attorneys' Authority To Bind Murray

"[T]here are few tenets so well established in American jurisprudence as the proposition that a client is bound by the acts or omissions of his counsel." *Rolec, Inc. v. Zevetchin*, 155 F.R.D. 5, 8-9 (D. Me. 1994) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 634 (1962), for the proposition that "under our system of representative litigation each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney") (internal quotation marks omitted). As Wal-Mart observes, nearly all of Murray's proposed amendments concern details of which Murray was, or should have been, aware prior to the filing of his original complaint in 2015, the filing of his first motion to amend his complaint on November 11, 2016, or the filing of his second motion to amend his complaint on September 29, 2017. *See* Opposition at 5-6; *see also* Proposed TAC ¶¶ 26, 28, 33, 37, 45A-B, 46, 48, 52, 52B-D, 52H, 52K, 52N-O, 52X, 53B, 60, 60B-C, 61, 62(c) & (g). Wal-Mart contends that Murray had ample opportunity to include those allegations in his original complaint, first amended complaint, or second amended complaint. *See* Opposition at 5-6.

Murray rejoins that he asked his counsel to do just that. *See* Reply at 2-5. He appends to his reply brief contentious correspondence with his first attorney, including April 12 and 16, 2017, emails that he sent his first attorney requesting that his complaint be amended to add some of the

---

[3] Murray also argues that the "relation back" doctrine and the Sixth Amendment guarantee of effective assistance of counsel bolster his claims of timeliness. *See* Motion at 2-3. As Wal-Mart points out, *see* Opposition at 9 n.1, these authorities do not bear on the timeliness of Murray's motion to amend his complaint. The relation back doctrine pertains to statutes of limitation, not to whether an amendment is timely, and is therefore irrelevant to Murray's motion. *See id.* "The Sixth Amendment does not apply to civil cases and therefore we have held that there is no such constitutional protection for denial of chosen counsel in a civil case." *Young v. City of Providence ex rel. Napolitano*, 404 F.3d 4, 24 (1st Cir. 2005).

same changes at issue here. *See* Exh. D (ECF No. 175-4) to Reply. In the April 16 email, Murray protested his first attorney's refusal to add those changes, which his first attorney viewed as unimportant but Murray considered material. *See id*. at 2. Less than a month later, Murray apparently fired his first attorney, who filed a motion on May 9, 2017, to withdraw as Murray's attorney, which the court granted two days later. *See* Exh. E (ECF No. 175-5) to Reply; *see also* ECF Nos. 71-72.

Murray obtained a new attorney, who entered an appearance on his behalf on July 6, 2017. *See* ECF No. 79. However, his second attorney apparently agreed with his first attorney that Murray's requested amendments were unnecessary: he did not include them in the proposed second amended complaint that he filed with the court on September 29, 2017. *See* ECF No. 85. On October 17, 2017, the court granted the parties' joint motion to stay proceedings to permit them to conclude settlement negotiations. *See* ECF Nos. 87-88. Those efforts proved unsuccessful and, on November 30, 2017, the court granted a motion by his second attorney to withdraw as Murray's counsel. *See* ECF Nos. 91-93. After several deadline enlargements to permit Murray an opportunity to obtain new counsel and to facilitate judicially-mediated settlement efforts between Murray, acting *pro se*, and Wal-Mart, *see* ECF Nos. 93, 100-02, 105, 117, 123, the court granted Murray's second motion to amend his complaint on August 24, 2018, over Wal-Mart's objection, *see* ECF No. 128. Murray filed the instant motion the following month. *See* ECF No. 160.

In essence, Murray argues that he should not be bound by the decisions of his counsel to the extent that they rejected his requests that they move for certain amendments to his complaint. *See* Reply at 2-5. Murray is, however, bound by those decisions.

First, nothing in the record explains why Murray raised many of his amendment issues with his first attorney in April 2017 but not five months earlier, when his first motion to amend his

complaint was filed on November 11, 2016. *See* ECF No. 34. Second, even if Murray did raise

those issues prior to the filing of his first motion to amend, it is unclear why he continued to employ

his first attorney for another six months. Finally, it is unclear why Murray, who presumably

reviewed the proposed second amended complaint filed on his behalf by his second attorney on

September 29, 2017, continued to employ his second attorney for another two months thereafter.[4]

Nor does he provide correspondence that suggests that he terminated his second attorney's

representation due to his failure to include requested changes to the proposed second amended

complaint.

Murray's disagreements with his former counsel, hence, do not demonstrate that he was

not bound by their actions on his behalf and do not constitute good cause for his delay.

### 2. Purported Need To Correct Inaccuracies

Murray next cites Third Circuit authority for the proposition that he can amend his

complaint to correct inaccuracies. *See* Reply at 2 (citing *West Run Student Hous. Assocs., LLC v.*

*Huntington Nat'l Bank*, 712 F. 3d 165 (3d Cir. 2013)). This is true; however, the question is not

whether Murray can amend his complaint in the abstract but, rather, whether he can amend it for

a third time after three years of litigation.

In his papers, Murray mentions at least five times that his second amended complaint

contains "material misrepresentations." Motion at 1-2; Reply at 2, 4-5. Yet, by my analysis, the

only text Murray removes in his proposed third amended complaint is the phrase "[i]n addition"

from paragraph 60C. *Compare* SAC ¶ 60C *with* Proposed TAC ¶ 60C. Thus, although Murray

contends that he needs to amend his operative complaint because of material misrepresentations

contained within it, his proposed amendment does not remove them. Beyond this, as discussed

---

[4] It is not clear that Murray's second attorney was fired, although the record, read liberally, allows for that possibility. *See* ECF No. 91.

below, most of his remaining proposed revisions merely add needless detail or legal argument to already adequately pleaded claims.

Most importantly, even if Murray's revisions corrected inaccuracies, all of them save for those bearing on the evidence of a conflict of interest allegedly discovered on September 13, 2018, could have been included in a prior version of his complaint.[5]

Murray's purported need to correct inaccuracies, hence, does not demonstrate good cause for his delay.

**B. Futility: Claim Based on Alleged Conflict of Interest**

As Wal-Mart observes, *see* Opposition at 7-9, the proposed third amended complaint contains one new ground for relief, premised on Murray's newly discovered evidence that, in 2015, Wal-Mart's counsel allegedly concealed from him an alleged conflict of interest with Murray's then-counsel, *see* Proposed TAC ¶ 60D. Murray seeks "damages and relief for the intentional concealment of the Conflict of Interest, not disclosed to Plaintiff and without Plaintiff's informed consent." *Id.* ¶ 62(h). As Wal-Mart argues, *see* Opposition at 7-9, these new allegations do not state a claim as to which relief can be granted and, hence, are futile.

First, Murray fails to allege any affirmative misrepresentation by Wal-Mart. *See* Proposed TAC ¶¶ 60D, 62(h). Indeed, in an order denying Murray's motion for a continuance, stay, and disqualification of Wal-Mart's counsel predicated on the same alleged conflict of interest, Judge Hornby observed that most of the new assertions "reflect the plaintiff's unhappiness with his previous lawyer and have nothing to do with the merits of his lawsuit against the defendants here,"

---

[5] Murray seeks to add references to his diagnosis of post-traumatic stress disorder ("PTSD"). *See* Proposed TAC ¶¶ 60-61. While not all of Murray's medical conditions may have been diagnosed prior to the filing of his original complaint, they have been known to him long enough to have been included in a prior amendment. *See, e.g.,* Letter dated June 20, 2017, from Steven Edwards, D.O., To Whom It May Concern (ECF No. 74-1), attached to Motion To Extend Time (ECF No. 74).

which "is neither a professional malpractice lawsuit against his previous lawyer nor a disciplinary proceeding against that lawyer." Order on Plaintiff's Motion for Continuance and Stay (ECF No. 175) at 2-3.

Second, and in any event, as Wal-Mart argues, *see* Opposition at 8-9, even construing the proposed complaint liberally as alleging that Wal-Mart failed to disclose the alleged conflict between its counsel and his first attorney, Murray pleads no facts giving rise to a legal duty on Wal-Mart's part to have made such a disclosure to him, *see, e.g., Picher v. Roman Catholic Bishop of Portland*, 2013 ME 99, ¶ 3, 82 A.3d 101, 103 ("[A] claim of fraudulent concealment cannot be proved unless the aggrieved party produces clear and convincing evidence that the alleged tortfeasor *had an obligation to disclose* known information that would be material in preventing the detriment allegedly suffered by the aggrieved party.") (emphasis added).

### C. Needlessness of Remaining Proposed Changes

Murray cites the well-known proposition that leave to amend "shall be freely given when justice so requires," arguing that his amendment will promote judicial economy because it "substantially overlaps with the facts and legal theories in Plaintiff's original complaint[.]" Motion at 4 (citation and internal quotation marks omitted). However, all of his proposed revisions apart from the futile new claim asserted in paragraphs 60D and 62(h) merely add needless detail to already adequately pleaded claims. *Compare* Proposed TAC ¶¶ 26, 28, 33, 37, 45A-B, 46, 48, 52, 52B-D, 52H, 52K, 52N-O, 52X, 53B, 59A, 60, 60B-C, 61, 62(c) & (g) *with* SAC ¶¶ 26, 28, 33, 37, 46, 48, 52, 52B-D, 52H, 52K, 52N-O, 52X, 53B, 60, 60B-C, 61, 62(c) & (g).

For example, in paragraph 59A, Murray needlessly incorporates a portion of his brief verbatim, *compare* Proposed TAC ¶ 59A *with* Motion at 2-3, and in paragraphs 62(c) and 62(g), he needlessly elaborates that the relief he seeks includes "medical expenses" and "RSU

Benefits[,]" Proposed TAC ¶¶ 62(c), 62(g), when the second amended complaint already requests "compensatory damages[,]" SAC ¶ 62(d), which encompass medical expenses, and "lost wages and benefits[,]" *id*. ¶ 62(c), which encompass RSU Benefits.

At bottom, Murray appears to misunderstand the purpose of his complaint. Not every fact pertaining to his case must be contained within his complaint. Murray is not foreclosed from presenting facts on summary judgment or at trial that do not appear in his complaint. A complaint is not the exhaustive repository of all facts available to a plaintiff. Instead, it is a "short and plain statement" setting forth sufficient facts from which a defendant can ascertain the conduct for which it is being sued. Fed. R. Civ. P. 8(a).

## IV. Conclusion

For the foregoing reasons, the Motion is **DENIED**.

### ***NOTICE***

***In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.***

***Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.***

Dated this 4th day of December, 2018.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge