UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DAVID E. MURRAY, )<br>)<br>Plaintiff )<br>v. )<br>)<br>WAL-MART STORES, INC., and )<br>WAL-MART STORES EAST, L.P., )<br>)<br>Defendants ) | No. 2:15-cv-00484-DBH |

### MEMORANDUM DECISION AND ORDER ON DEFENDANTS' MOTION FOR PROTECTIVE ORDER

In this employment action, the defendants, Wal-Mart Stores, Inc., and Wal-Mart Stores East, L.P. (together, "Wal-Mart"), move for a protective order pursuant to Federal Rule of Civil Procedure 26(c) narrowing the scope of Request No. 28 of the Plaintiff's Third Request for Production of Documents ("Plaintiff's Third RFP"). *See* Defendants' Motion for Protective Order ("Motion") (ECF No. 164). Because I agree that the request must be narrowed, but disagree with Wal-Mart's suggested method of narrowing it, I grant the motion in part, to the extent that I limit its scope to market-level employees and above, and otherwise deny it.

### I. Applicable Legal Standards

Discovery must be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the

1

following: . . . limiting the scope of disclosure or discovery to certain matters[.]" Fed. R. Civ. P. 26(c)(1)(D).

## II. Discussion

During a telephonic discovery hearing on September 27, 2018, I ordered Wal-Mart to respond to Request No. 28 of plaintiff David E. Murray's Third RFP, which seeks:

> All documents, records, electronically stored information, o[th]er types of information, tangible things, and all other materials within the scope of Fed. R. Civ. P. 34 that refer to or concern any current-reinstated or past Wal-Mart Associate that was not paid within the requirements of 26 M.R.S. 626, or other similar laws within the New England Division, including any violations from 2006 to date (Management and Hourly).

Motion ¶ 1; ECF No. 161. At the hearing, Murray agreed to limit his request to management employees, and I ruled that Wal-Mart need only produce information for the four-year period commencing a year prior to the filing of his complaint on August 26, 2015 (that is, commencing August 26, 2014), rather than for the requested 12 years. *See* ECF No. 161. I did, however, acknowledge that Murray's request, even as modified, might not be proportional under Rule 26, and informed Wal-Mart that, if the request proved burdensome, I would entertain a motion for protection. Wal-Mart has now filed such a motion.

In its motion, Wal-Mart represents that, as modified during the discovery hearing, Murray's request would return results for roughly 12,580 to 25,160 employees at the approximately 1,258 stores in the 15 states comprising the "New England Division." *See* Motion ¶ 11. It argues that "even the narrowed scope of Request No. 28 remains disproportionate to the needs of the case." *Id*. ¶ 14. Wal-Mart proposes to limit the scope of the request to the State of Maine and provide Murray with a randomized sample of 20 percent of the search results. *See id*. ¶ 15.

In response, Murray reiterates a prior offer to narrow the geographic scope of his request to "only the states of Maine, New Hampshire, Vermont, Massachusetts and New York[.]"

2

Plaintiff's Opposition to Defendants' Motion for Protective Order ("Opposition") (ECF No. 171) ¶ 2. Wal-Mart rejoins that even a limitation to the five states Murray mentions would still involve approximately 3,000 employees. *See* Defendants' Reply in Support of Their Motion for a Protective Order ("Reply") (ECF No. 176) at 4.[1]

I agree with Wal-Mart that the request, even as narrowed during the discovery hearing, is unduly burdensome. However, I reject Wal-Mart's randomized sample proposal. Wal-Mart neither outlines the statistical modeling methods it would use nor proposes to hire a third-party vendor to produce the randomized sample. In these circumstances, nothing would prevent Wal-Mart from selecting the most favorable 20 percent of employees. Further, I decline to limit the geographic scope of Murray's request, which is informed by Wal-Mart's own organizational structure. To the extent that Murray is alleging that executives senior to him participated in retaliation against him, there is a logical nexus between his claims and the geographic division in which he served. Regardless, Wal-Mart has previously offered a better solution for narrowing the scope of discovery.

Wal-Mart originally proposed that Request No. 28 should be limited to "market level associates and above for two years." Motion ¶ 2. At the hearing on September 24, 2018, Murray successfully argued that a two-year period was too short to reflect any correction by Wal-Mart of allegedly unlawful behavior, and I ruled that Wal-Mart should produce material spanning the four-year period commencing one year prior to the filing of this suit. *See* ECF No. 161. For the same reason, I remain persuaded that four years is the correct temporal scope for this request.

However, I now order that Request No. 28 be limited in scope to market-level employees and above. Wal-Mart has five levels of management within its New England Division: assistant

---

[1] The parties also squabble over other, tangentially related issues that are immaterial to the resolution of this motion. *See* Motion ¶¶ 5-8; Opposition ¶¶ 4-6.

store managers, co-managers, store managers, market managers, and regional managers. *See* Motion ¶ 11. To the extent that Murray is seeking a comparator, store-level management employees are poor comparators for Murray, who was a market-level executive. Moreover, a limitation to the top two tiers of managers (first advocated by Wal-Mart, as noted above) should resolve Wal-Mart's concern about disproportionate discovery. According to Wal-Mart, there are only 108 markets in the relevant New England Division. *See id.* Limiting the scope of discovery to market-level employees and above would reduce the scope of employees from five levels of management to two. *See id.* Since the upper levels of management likely contain fewer employees per position, this should dramatically reduce the number of employees at issue, addressing Wal-Mart's concern that Request No. 28 is unduly burdensome.

### III. Conclusion

For the foregoing reasons, Wal-Mart's motion for protection is **GRANTED IN PART AND DENIED IN PART** to the following extent: the scope of Request No. 28 of the Plaintiff's Third RFP is narrowed to market-level employees and above, for the four-year period commencing on August 26, 2014. Wal-Mart is hereby **ORDERED** to produce to Murray, within 21 days hereof, or by December 26, 2018, documents and other information responsive to Request No. 28 of the Plaintiff's Third RFP as further narrowed herein.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 4th day of December, 2018.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge