UNITED STATES FEDERAL COURT
DISTRICT OF MAINE

DAVID E. MURRAY,                )
                                )
          Plaintiff,            )
                                )
v.                              )   Case No. 2:15-cv-00484-DBH
                                )
WAL-MART STORES, INC. et al.,   )
                                )
          Defendants.           )

## PLAINTIFFS' RESPONSE TO AND OBJECTION TO DEFENDANT'S SUMMARY JUDGEMENT PRE-FILING MEMORANDUM (ECF NO. 180)

David E. Murray, Plaintiff (Pro Se), ("Murray" or "Plaintiff") respectfully submits this response to and Objection to Defendant's Summary Judgement Pre-Filing Memorandum (ECF No. 180).

(1) **BASIS:** The Plaintiff intends to Oppose the Defendants move for Summary Judgement on all counts. The Plaintiff will include facts[1] from, but not limited to, the Original complaint including Maine Human Rights Commission Charge of Discrimination, MHRC Commissioners Request for Information from Complainant, Wal-Mart's Statement of Position[2] and RFI to MHRC, MHRC Amended complaint. The Plaintiff's First Amended Complaint and the Plaintiff's Second Amended Complaint. The Plaintiff completed a Wal-Mart ADA Accommodation Form and submitted a copy to his Supervisor and the ADA Office, additional disabilities were communicated to Wal-Mart.

---

[1] To include facts of Plaintiff's internal reports (Plaintiff was engaged in protected activity, protected class) to Immediate Supervisor (an Officer of the Company), additional Officers of Wal-Mart Stores Inc., Wal-Mart Legal, Wal-Mart Ethics and Wal-Mart Executive Open Door that includes but is not limited to retaliation, discrimination, hostile work environment, and harassment.

[2] Wal-Mart's Statement of Position and response for Request for Information (RFI), All Included within their October 24, 2014 response to Amy Sneirson (MHRC).

1

(2) **Additional Legal Issues that will require Summary Judgement,**

     A. **Plaintiff can establish Pretext or a Casual Link Necessary to Establish a Dispute of Fact with respect to the Plaintiff's Claims of Retaliation:**

The Plaintiff made good-faith internal complaint(s) in 2013 that were not promptly investigated. Walmart immediately violated their own Open-Door Policy and Statement of Ethics by sharing the Plaintiff's complaint with Phil Morris Divisional HR compromising the integrity of the investigation from the onset. Walmart had contradicting statements about when they started the investigation allowing several months to pass before actually starting the investigation. Walmart took approximately five months to investigate and failed to complete a Redbook Investigation as stated to the Plaintiff that they would conduct.

The Plaintiff reported false allegations made by Alan Heinbaugh on a conference call regarding clearance/deleted merchandise ownership to officers of the company in June 2014.

The Plaintiff was required to attend a mandatory meeting on September 5, 2014 with outside counsel Harris Beach attorneys Kelly S. Foss and Pietra Lettiera and an ethics investigator Matt Yoes. Wal-Mart was aware the Plaintiff was represented by counsel and failed to memorialize any proper "Upjohn Warning". In addition, the Plaintiff's supervisor, Paul Busby, his Regional Human Resource Manager, David Minsky were informed by Alan Heinbaugh in an email produced during discovery making false allegations against Plaintiff in February 2014 while being under an ethics investigation initiated by the Plaintiff in September 2013.

The Plaintiff reported an unusual traumatic work event involving the death of a customer in October 2014 to his supervisor Paul Busby and the concerns surrounding the incident and mailed a copy of the video. The impact of this traumatic work event impacted the Plaintiff's health including a diagnosis of PTSD.

The Plaintiff made good faith complaints to Officers of the Company including Public Safety. There was no investigation into the concerns or corrective action taken. In analyzing a WPA claim the burden at the prima facie stage is "light and "easy to meet." The record would allow for an inference that the Plaintiff engaged in protected activity, see *Brady v. Cumberland County 126 A. 3d 1145, 1150 (Me. 2015)*. There were multiple adverse employment action(s) that Wal-Mart took against the Plaintiff including his constructive discharge in April 2015, communicating and the actual posting of the Plaintiff's position without an ADA Accommodation discussion. The Plaintiff's termination of employment on October 4, 2016 by Larry Hosey (on his 23-year work anniversary) without an investigation, not citing a violation of policy in the termination email, and also stating that the recordings had just recently come to their attention, but the fact is Wal-Mart received them in discovery on June 3, 2016. Wal-Mart failed to respond to submitted unpaid Leave of absence requests by the Plaintiff and former counsel. Phil Morris testified at the April 27, 2017 30(b)(6) deposition he terminated the Plaintiff on October 5, 2016 in his sworn interrogatory answers. There are genuine issues as to who the decision maker was, like changing or shifting reasons to justify the termination allows for the inference of discriminatory intent, the same is true with the changing decision makers. see *Staub v. Proctor Hospital 562 U.S. 411, 131 S.Ct. 1186 (2011)* under the Cat's Paw Theory, also see *Burlington N. & Santa Fe Ry. Co. v. White S.Ct. 2405, 57 (2006)*, also Under the False Claims Act 31 U.S.C. § 3730 (h).

    Wal-Mart received updated copies of the Plaintiff's Medical Records in September 2016 prior to completing the deposition of Dr. Steven Edwards, DO and Michelle Bolen, LCSW, in those records the Defendant received the Progress Notes and Diagnoses information from Dr. Gaston Baslet, MD, Neuropsychiatrist at Brigham and Women's Hospital in Boston, MA in diagnosing the Plaintiff in reference to the events at his work that included, "a young woman was struck and killed by a truck in a parking lot in one of the Walmart locations he is responsible for, he attributes this event to an environment of negligence in the Company, he described watching the video repeatedly, felt that her death could have been prevented." Dr.

Baslet diagnosed the Plaintiff with Major Depressive Disorder, PTSD and R/O Somatic Symptom Disorder (w/pain) summarized that, "Murray is suffering from a complex array of debilitating psychiatric and neurological symptoms, likely all interrelated and stemming from several years of a hostile and traumatizing work environment." The Plaintiff then deposed Paul Busby on September 29, 2016 who confirmed his continued communication with Larry Hosey, Wal-Mart Legal who sent the Plaintiff his termination letter on October 4, 2016, whom Phil Morris states that during his April 27, 2017 30(b)(6) deposition that he had conversations with Mr. Hosey[3]. The proximity of the employees' protected activity and the termination is sufficient to satisfy the casual link element.

### B. The Plaintiff can Establish That He Was Subjected to A Hostile Work Environment:

The Plaintiff will utilize all documents provided from the investigation completed by Ethics Investigator, Brandie Patton and her failure to interview key female witnesses as well as the Depositions of Patton 30(b)(6), Busby 30(b)(6), Robinson and Heinbaugh Discovery Documents, Audio(s) and Video(s) that both the Defendant and the Plaintiff have to utilize for Summary Judgement and for Trial that will prove the Hostile Work Environment that the Plaintiff was subjected to, *also see Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 23 (1993).

### C. The Plaintiff can establish a claim of Disability Discrimination:

The Defendant was aware of Plaintiff's disabilities.

### D. The Plaintiff can establish Wal-Mart violated Maine Cessation Law 26 M.R.S. § 626:

As documented in the Second Amended Complaint ("SAC"), the Defendant continues to attempt to hide behind Fed. R. Evid. 408, in their continued attempt to shield more violations of the law by Wal-Mart, that have continued to impact the Plaintiff since his October 4, 2016

---

[3] Paul Busby also continued to communicate with Larry Hosey in reference to the Plaintiff's case per Busby's testimony during his September 29, 2016 Deposition.

termination. Wal-Mart has not paid the Plaintiff in full to date, the interest on the full amount should be accruing from the October 4, 2016 termination date to include monies and expenses the Plaintiff has spent on counsel to assist him, as documented in Attorney's Billing and Expenses, up to the point he became Pro Se and include all penalties owed as per the law. Wal-Mart went in and out of the Plaintiff's Personal Checking Account on January 26, 2017 depositing monies and withdrawing monies without the Plaintiff's Authorization more than 3 months after being terminated by Larry Hosey via email. The accounting that the Defendant's counsel continues to submit to the Plaintiff does not have an actual worksheet as to the specifics to the entire breakdown of all monies nor has the Defendant's counsel provided the Plaintiff with specific answers as to the Defendant accessing the Plaintiff's Personal Account without any authorization. The Defendant continues to expect the Plaintiff to just accept their excuses for once again, violating the Law and have now attempted to state that Wal-Mart has paid the Plaintiff more than he was entitled, which is not a true statement.

### E. The Plaintiff's entitlement for Punitive Damages:

The Plaintiff suffered an adverse employment action, that includes the continued retaliation, discrimination, and hostile work environment that began his complaint(s) to Wal-Mart Ethics in September of 2013. *"The court consider the entire work environment claim, including the behavior outside the statutory time period… as long as the untimely incidents represent an ongoing unlawful employment practice".* See, National Railroad Passenger Corp. v. Morgan, 112 S. Ct. 2061 (2002)

(3) **ESTIMATED MEMORANDUM LENGTH:** Not to exceed 45 pages. Based upon the complexity of the Plaintiff's case combined with the totality of evidence. It is the Plaintiff's Good Faith belief that he will need more than the normal 20 pages.

(4) **ESTIMATED FACTUAL STATEMNT LENGTH:** Not to exceed 500 statements.

(5) **ESTIMATED RECORD:** The Plaintiff intends to include: (1) transcripts of, portions of, or entire recordings to support the Plaintiff's case; (2) portions or entire video recordings to support Plaintiff's case; (3) Portions of up to nine depositions, including the three 30(b)(6) of the Defendants, associated deposition exhibits; (4) Up to 10 to 15 Affidavits with exhibits to supplement the record; (5) Portions of Wal-Mart Discovery Document(s) including Ethics Investigation(s), Text message(s), Email(s) and other documents pertinent to proving Plaintiff's case (6) Portions of the Plaintiff's Discovery Document(s) that includes Email(s), and all other documents and materials pertinent to proving the Plaintiff's case. (7) Portions of case material(s) and all other documents pertinent to supporting the Plaintiff's case in reference to and involving Wal-Mart Stores L.P. East and Wal-Mart Stores, Inc. The Plaintiff estimates the record will not exceed 1,500 pages.

Respectfully submitted,

Dated: December 7, 2018

/s/ David E. Murray
David E. Murray, Plaintiff, Pro Se.
16 Trail Road
Casco, Maine  04015
(207)-627-3209
demurr11@gmail.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on the date indicated below the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system; that the same will be sent electronically to the following counsel at Bernstein Shur, Sawyer and Nelson P.A., counsel for the Defendant:

Ronald W. Schneider, Jr. rschneider@bersteinshur.com

Eben M. Albert ealbert@bernsteinshur.com

Dated: December 7, 2018

/s/ David E. Murray
David E. Murray, Plaintiff, Pro Se.
16 Trail Road
Casco, Maine 04015
(207)-627-3209
demurr11@gmail.com