UNITED STATES FEDERAL COURT
DISTRICT OF MAINE

| | |
|---|---|
| DAVID E. MURRAY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WAL-MART STORES, INC. and ) <br> WAL-MART STORES EAST, L.P. ) <br> ) <br> Defendants. ) | Case No. 2:15-CV-00484-DBH |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION
REGARDING ORDER ON MOTION TO AMEND**

Defendants Wal-Mart Stores, Inc. and Wal-Mart Stores East, L.P. submit this response to Plaintiff David E. Murray's "Response and Objection to (ECF No. 181) Memorandum Decision and Order on Motion to Amend Complaint" (ECF Document 185) (the "Objection").

**ARGUMENT**

**I.  Murray's Objection Does Not Address The Bases Of The Magistrate Judge's Decision, Which Correctly Found That Murray Failed To Show Good Cause For Delay And That Amendment Would Be Futile**

Murray's objection fails to demonstrate that the Magistrate Judge's Order denying his motion to amend was incorrectly decided, and does not even address the bases of the Magistrate Judge's decision or the applicable legal standard.  As the Magistrate Judge correctly noted, "the more demanding 'good cause' standard applies" to Murray's motion to amend because he filed it "long after the parties' March 25, 2016, deadline for doing so."  *See* Memorandum Decision and Order on Motion to Amend Complaint (ECF Document 181) (the "Order") at 2.  Murray's Objection does nothing to demonstrate that he meets this standard.

As discussed in more detail below, while Murray continues to profess a need to correct "material misrepresentations" in his prior pleadings, nothing in Murray's Objection addresses the Magistrate Judge's finding that Murray's proposed third amended complaint does not actually do so. Order at 7 (noting that the only text removed from the proposed third amended complaint was "[i]n addition" from paragraph 60C). Similarly, while Murray continues to complain of his prior attorneys' conduct, he does not address the Magistrate Judge's proper conclusion that Murray's disagreements with his prior lawyers "do not demonstrate that he was not bound by their actions on his behalf and do not constitute good cause for delay." *Id*.

Murray has identified no error in the Magistrate Judge's determination that all of Murray's revisions except those pertaining to an alleged conflict of interest could have been included in a prior version of his complaint. Order at 8. Regarding the alleged conflict, the Magistrate Judge correctly concluded that amendment on that issue would be futile because Murray's allegations do not set forth a valid cause of action against Walmart. *Id.* at 8–9. The Magistrate Judge also correctly found that Murray's remaining revisions "merely add needless detail" to Murray's complaint. *Id.* at 9. Murray's Objection does not address these points, and merely reiterates the same infirm arguments that he made to the Magistrate Judge—in some cases verbatim—in the apparent hope that this Court will reach a different conclusion when presented with the same facts and arguments. *See* Objection at 5.

In short, Murray's Objection does not address the bases for the Magistrate Judge's decision or demonstrate any infirmity in it. Accordingly, this Court should uphold the Magistrate Judge's decision and deny Murray's motion to amend.

## II. The Third Circuit's *West Run Student Housing* Decision Does Not Provide Any Basis To Permit Amendment

Murray asserts, in a heading at the outset of his Objection, that the "US Court of Appeals for the Third Circuit's West Run Decision Provides an Additional Substantive Basis for a Motion to Amend Even Up to and on the Eve of Trial."[1] Objection at 1 (citing *West Run Student Housing associates, LLC v. Huntington Nat'l Bank*, 712 F.3d 165 (3d Cir. 2013)). Murray does not develop this argument further in the body of his brief, and does not provide any description of the *West Run* decision. *See generally* Objection. *West Run* had nothing to do with a motion to amend "up to and on the eve of trial." Objection at 1; *see West Run*, 712 F.3d at 169. Instead, *West Run* was an appeal of a decision granting a motion to dismiss filed early in the case. *West Run*, 712 F.3d at 169. *West Run* addressed amendment issues only insofar as the operative complaint had been amended once in response to a prior motion to dismiss, and the court considered whether allegations in the original complaint were binding judicial admissions notwithstanding that the original complaint had been superseded. *Id.* at 171–72. That issue is not implicated here, and *West Run* is entirely irrelevant to the issues before the Court.[2] *See generally id.*

## III. The Exhibits To Murray's Objection Provide No Basis To Amend

Murray attaches to his Objection an "updated EEOC Charge of Discrimination" dated September 28, 2018, addressed to the EEOC's Boston office, as well as a right to sue letter from that office dated October 3, 2018. *See* Objection, Exhibits A and B. Neither document provides

---

[1] This heading is cut and pasted from Murray's Reply brief, but a different and largely unrelated discussion follows in Murray's Objection. *See* Murray's Reply in Support of Motion to Amend, ECF Document 175, at 2. Murray's citation to *West Run* in both filings is incorrect. The correct citation is provided above.

[2] To the extent Murray cites *West Run* for the generic proposition that complaints may be amended to correct inaccuracies in appropriate circumstances, that proposition is not in dispute or at issue here.

3

any basis to permit a further amendment, and Murray's Objection provides no explanation of the alleged significance of those documents or why he did not submit them to the Court previously.

Specifically, the "updated EEOC Charge" does not present any newly discovered or recent facts, and instead primarily concerns events in 2016 and 2017. *See* Objection Exh. A. Many of these events were already incorporated into and referenced in Murray's prior complaints and/or his proposed third amended complaint. *See, e.g., id.* at 2–3 (discussing Murray's termination and his allegation that he is owed wages); *cf.* Second Am. Compl. ¶¶ 52A–52G, 52L, 53B, 60B–60C (same).

Furthermore, the "updated EEOC Charge" was itself untimely and therefore fatally deficient. Murray's EEOC complaint was required to be filed within 300 days after the alleged unlawful employment practice occurred. 5 M.R.S.A. § 4611; 42 U.S.C. § 2000e-5(e)(1). Because Murray's complaint was filed on September 28, 2018, any alleged act of discrimination or retaliation occurring prior to December 2, 2017, is untimely. All of Murray's allegations of discrimination or retaliation in the updated EEOC complaint occurred prior to that date, except: (1) Murray's allegation that he received a W2 from Walmart in January 2018 for payments allegedly received between January 27, 2017, and August 29, 2017; and (2) Murray's allegation that he discovered, on September 13, 2018, evidence of a professional conflict of interest on the part of Walmart's counsel. *See* Objection, Exh. A, at pp. 2–4 of 6. Neither of these allegations provide the basis for a civil claim against Walmart or render his EEOC complaint timely.

Even if Murray were correct that the 2017 payments were somehow improper, the mere receipt of a W2 in 2018 is not in itself a wrongful act that would render his allegations in this regard timely. With respect to the alleged conflict of interest, this Court has already ruled that such allegations "have nothing to do with the merits of his lawsuit against the defendants," which

4

"is neither a professional malpractice lawsuit against his previous lawyer nor a disciplinary proceeding against [Walmart's] lawyer." *See* Order on Motion for Continuance and Stay, ECF Document 174, at 2–4. This Court further noted that such assertions "are not 'Newly Found Evidence,' but matters of which the plaintiff has long been aware," and that raised "at this late stage of the proceeding, they appear to be tactical, disrupting the progress of this lawsuit to a conclusion at trial or summary judgment." *Id.* at 2.

In short, all of the allegations in the "updated EEOC Charge" are either untimely or do not support any civil claim against Walmart. They provide no basis for any further amendment.

## IV. Murray's Objection Incorrectly Asserts An Entitlement To Relief Pursuant To The False Claims Act

On pages 2 and 3 of his Objection, Murray cites to cases discussing the retaliation provision of the False Claims Act, 31 U.S.C. § 3730(h) (the "FCA"), which is not implicated here. *See* Objection at 2–3 (citing *U.S. ex rel. Karvelas v. Melrose-Wakefield Hosp.*, 360 F.3d 220, 235 (1st Cir. 2004) and *Graham Cty. Soil & Water Cons. Dist. v. U.S. ex rel. Wilson*, 545 U.S. 409, 416 n.1 (2005)). Murray also references relief uniquely available under the FCA's anti-retaliation provision, such as two times the amount of back pay, which is not available to Murray. *See* 31 U.S.C. § 3730(h)(2) (FCA anti-retaliation provision). Murray has not pleaded or otherwise raised facts in any filings that would give rise to a cause of action pursuant to the FCA or demonstrate that he complained of conduct prohibited by the FCA. *See id.* § 3729(a) (prohibiting the presentation of false or fraudulent claims for payment to the United States government). Accordingly, Murray's references to the FCA are irrelevant and do nothing to justify further amendment.

### V.      Murray's Complaints Regarding His Prior Counsel Do Not Justify Amendment

As noted above, Murray's Objection reiterates certain complaints concerning his prior counsel.  *See* Objection at 3.  For instance, Murray asserts that his prior counsel "failed to correct material misrepresentations" in his pleadings, but as usual Murray fails to clearly identify the alleged "material misrepresentations" or state how he would correct them.  *Id*.  As the Magistrate Judge correctly noted, "although Murray contends that he needs to amend his operative complaint because of material misrepresentations contained within it, his proposed amendment does not remove them."  Order at 7.  The Magistrate Judge noted that Murray "mentions at least five times that his second amended complaint contains 'material misrepresentation,'" but "the only text Murray removes in his proposed third amended complaint is the phrase '[i]n addition' in paragraph 60C."  *Id.*  Nothing in Murray's Objection resolves this fundamental inconsistency.

Similarly, Murray's Objection argues that his prior counsel failed to include additional healthcare diagnoses in his prior complaints.  Objection at 3.  Murray asserts, however, that these additional diagnoses were "entered on the Docket on June 22, 2017," in the form of letters from his physicians.  *Id.* at 3–4.  Murray's prior counsel moved to withdraw on November 29, 2017.  *See* ECF Document 91.  Murray offers no good cause for waiting nearly 10 months after withdrawal of his counsel—until September 26, 2018—to seek to amend his complaint if he deemed it necessary.  *Cf.* Order at 8 n.1 (noting that while "not all of Murray's medical conditions may have been diagnosed prior to the filing of his original complaint, they have been known to him long enough to have been included in a prior amendment").  Furthermore, a "complaint is not the exhaustive repository of all facts available to the plaintiff."  Order at 10.

Finally, as the Magistrate Judge correctly recognized, "Murray's disagreements with his former counsel … do not demonstrate that he was not bound by their actions on his behalf and do

6

not constitute good cause for his delay." Order at 10. This is not a malpractice action against Murray's former attorneys, and while Murray appears to take exception to certain conduct, he has not identified any genuine failure by his former attorneys or cognizable harm that would justify relief on his motion to amend. Objection at 3–4. In short, Murray's oft-repeated complaints about his former attorneys provide no basis for a further amendment.

## VI.  Murray Has Not Identified Any "Fraudulent Omission" Or Conflict Of Interest By Walmart

Murray again contends that Walmart made "fraudulent omissions," loosely referencing Walmart's interrogatory answers, its deposition testimony regarding Murray's termination, and its observation that many events referenced in Murray's proposed third amended complaint predated the filing of his original complaint. Objection at 4–5. Murray does not explain how any of these implicate a fraudulent omission or specify what was allegedly omitted, which alone justifies denying relief to Murray on this basis. *Id.*

Even if Murray were correct that Walmart omitted information from interrogatory answers or deposition testimony, which Walmart disputes, that omission would not give rise to a separate cause of action against Walmart necessitating amendment of Murray's complaint. While Murray attacks Walmart's observation that many of Murray's new allegations concern conduct preceding the filing of his original complaint, this attack only illustrates the unfocused and misguided nature of Murray's argument—Walmart is undeniably correct that events occurring in June and September 2014 predated Murray's original complaint in this action, which was dated August 26, 2015. *See* Objection at 5.

In addition, Murray has not identified any facts giving rise to a legal duty on the part of Walmart to disclose any particular information to him, as would be necessary to establish a fraudulent concealment claim in the first instance. *Picher v. Roman Catholic Bishop of*

7

*Portland*, 2013 ME 99, ¶ 3, 82 A.3d 101 ("[A] claim of fraudulent concealment cannot be proved unless the aggrieved party produces clear and convincing evidence that the alleged tortfeasor *had an obligation to disclose* known information that would be material in preventing the detriment alleged by the aggrieved party.") (emphasis added). For all these reasons, Murray's arguments regarding an alleged "fraudulent omission" fall far short of the standard for asserting a valid cause of action against Walmart in federal court.

With respect to the alleged conflicts of interest by Walmart's counsel, Murray's assertions do not give rise to any colorable cause of action against Walmart, as this Court has already recognized. *See* Order on Motion for Continuance and Stay, ECF Document 174, at 2–4. Even if true, Murray's contentions do not demonstrate any conflict of interest on the part of Walmart's counsel under the Maine Rules of Professional Conduct. *Id.*; Me. R. Prof. C. 1.9. Accordingly, such assertions do not in any way justify amendment.

## CONCLUSION

Murray's rambling and unfocused arguments do nothing to advance his claims or demonstrate the propriety of amendment. In many instances, Murray's Objection is nonsensical. Murray repeatedly raises issues or asserts factual contentions that are irrelevant, legally infirm, or add unnecessary and unhelpful detail. Murray has not demonstrated any good cause for his delay in seeking a further amendment, and his proposed amendment would be futile because any new claims do not set forth valid causes of action. Accordingly, the Court should uphold the Magistrate Judge's decision and deny Murray's motion to amend.

Dated:  January 2, 2019            Respectfully submitted,

                                        */s/ Ronald W. Schneider, Jr.*
                                        Ronald W. Schneider, Jr.
                                        Eben M. Albert
                                        BERNSTEIN SHUR
                                        100 Middle Street, P.O. Box 9729
                                        Portland, Maine 04104-5029
                                        (207)774-1200 (t)
                                        (207) 774-1127 (f)
                                        rschneider@bernsteinshur.com
                                        ealbert@bernsteinshur.com

                                        Attorneys for Defendants Wal-Mart Stores,
                                        Inc. and Wal-Mart Stores East, L.P.


## CERTIFICATE OF SERVICE

I hereby certify that on the date stated above, I served a copy of the foregoing document via U.S. First Class Mail and e-mail to the following:

                         David E. Murray
                         16 Trail Road
                         Casco, ME 04015
                         demurr11@gmail.com


Dated:  January 2, 2019            */s/ Ronald W. Schneider, Jr.*
                                          Ronald W. Schneider, Jr.
                                          Eben M. Albert
                                          BERNSTEIN SHUR
                                          100 Middle Street, P.O. Box 9729
                                          Portland, Maine 04104-5029
                                          (207)774-1200 (t)
                                          (207) 774-1127 (f)
                                          ealbert@bernsteinshur.com

                                          Attorney for Defendants