*UNITED STATES DISTRICT COURT*
*DISTRICT OF MAINE*

| | | |
|---|---|---|
| *DAVID E. MURRAY,* | ) | |
| | ) | |
| *Plaintiff* | ) | |
| *v.* | ) | *No. 2:15-cv-00484-DBH* |
| | ) | |
| *WAL-MART STORES, INC., and* | ) | |
| *WAL-MART STORES EAST, L.P.,* | ) | |
| | ) | |
| *Defendants* | ) | |

*MEMORANDUM DECISION AND ORDER ON DEFENDANTS' MOTION TO SEAL*

In this employment action, the defendants, Wal-Mart Stores, Inc., and Wal-Mart Stores East, L.P. (together, "Wal-Mart"), move to seal their motion for summary judgment and associated documents and exhibits, *see* Defendants' Motion To File Under Seal Their Motion for Summary Judgment ("Motion") (ECF No. 198) at 1, comprising ECF Nos. 198-200 and all attachments thereto. After an *in camera* review, I grant the Motion in part as to all of the documents at issue except for ECF Nos. 198 (the Motion), 198-9, and 198-13, with respect to which I deny it. The defendants are ordered to file public versions of those documents on CM-ECF no later than October 31, 2019, with personally identifiable information redacted from ECF Nos. 198-9 and 198-13.

## I.  Background

The defendants contend that this employment action between Wal-Mart and one of its regional executives is rife with confidential information implicating not only the privacy interests of third parties and the plaintiff, but also its own commercial information. *See* Defendants' Reply in Support of [Their] Motion To Seal ("Reply") (ECF No. 204) at 3. On that basis, they move to seal their motion for summary judgment and its supporting documents. *See* Motion at 1-2; Reply

at 3-6; ECF Nos. 198-200 & all attachments thereto.  The plaintiff opposes the motion to seal.  *See* Plaintiff's Objection to Defendants' Motion To Seal Motion for Summary Judgment, SMF and All Exhibits ("Opposition") (ECF No. 201); Plaintiff's Opposition to Defendants' Reply ("Surreply") (ECF No. 212).  I have reviewed the filings *in camera*.

## II.  Discussion

The plaintiff opposes the defendants' motion to seal on the general grounds that there is a "strong presumption that judicial records are open to the public" and that the Motion suffers various procedural defects.  Opposition at 1-9; Surreply at 1-5.[1]

"Under the common law, there is a long-standing presumption of public access to judicial records."  *In re Gitto Global Corp*., 422 F.3d 1, 6 (1st Cir. 2005).  "This presumption of access helps safeguard the integrity, quality, and respect in our judicial system, and permits the public to keep a watchful eye on the workings of public agencies."  *Id.* (citation and internal quotation marks omitted).

The right of public access to judicial records is not absolute, and "it is within a court's discretion to curtail" it; for example, "to prevent judicial records from being used to gratify private spite or promote public scandal, or to prevent [such] records from becoming reservoirs of libelous statements for press consumption or sources of business information that might harm a litigant's competitive standing."  *Id*. (citations and internal punctuation omitted).  Still, "only the most compelling reasons can justify non-disclosure of judicial records."  *Id*. (citation and internal punctuation omitted).

---

[1] The plaintiff appears to oppose the defendants' motion to seal in its entirety, *see* Opposition at 9; Surreply at 6, even though doing so is in tension with his own motion to seal confidential records, *see* ECF No. 217, which the court has granted, *see* ECF No. 223.

The defendants argue that the confidential nature of their summary judgment motion and its supporting documentation presents a compelling reason for sealing those documents, which reveal (i) confidential information regarding the plaintiff, (ii) confidential information regarding third parties, and (iii) confidential commercial information. *See* Reply at 3. They assert that whatever interest the plaintiff may have in the public disclosure of private and confidential records of Wal-Mart and third parties does not outweigh their legitimate privacy rights. *See id*.

In this case, this court entered a confidentiality order, agreed to by the parties, that defines confidential information as "information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, trade secrets, personnel records, or commercial information." Consent Confidentiality Order (ECF No. 18) at 3. It provides that "[i]nformation or documents that are available in the public sector may not be designated as" confidential. *Id.* I find that, at the summary judgment stage, concerns about protecting confidential information constitute a compelling reason for protecting judicial records. Thus, documents containing information that meets the definition of confidential information pursuant to the parties' confidentiality order should be sealed.

As a threshold matter, all three categories outlined by the defendants fall well within the bounds of confidential information as defined in the confidentiality order. Therefore, to the extent that the motion for summary judgment and associated documents and exhibits reveal confidential information about third parties, the plaintiff, or the defendants' business practices, they should remain sealed at this stage of the proceedings.

On *in camera* review, I find that almost all of the documents at issue fall within one of those three categories, containing sensitive, confidential information that the parties have a

legitimate interest in protecting. Accordingly, they should remain sealed.[2] However, the Motion itself, as well as two attachments to the defendants' motion for summary judgment, ECF Nos. 198-9 and 198-13, appear to contain no such confidential information and, hence, should be unsealed.

I caution that my partial grant of the defendants' motion to seal is intended as an interim measure – a mere declination to ring a bell that cannot, as is true of all bells, be un-rung. "A trial is presumed to be public[.]" *Nat'l Org. for Marriage v. McKee*, Civil No. 09-538-B-H, 2011 WL 285684, at *1 (D. Me. Jan. 26, 2011). If the court denies Wal-Mart's motion for summary judgment in whole or in part, necessitating trial, any attempt at trial to seal or redact trial exhibits or testimony will require a motion meeting the high threshold applicable in that context.

### III.   Conclusion

For the foregoing reasons, the defendants' motion to seal ECF Nos. 198-200 and all attachments thereto is **GRANTED** as to all documents except for ECF Nos. 198, 198-9, and 198-13, with respect to which it is **DENIED**. The defendants are **DIRECTED** to file on the CM-ECF docket, no later than October 31, 2019, public copies of ECF Nos. 198, 198-9, and 198-13, with personally identifiable information redacted from ECF Nos. 198-9 and 198-13.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

---

[2] While small portions of some of these documents contain no confidential information, no useful purpose would be served in unsealing those excerpts. Standing alone, they would contribute only marginally to public understanding of this case.

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 11th day of October, 2019.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge